UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE, Plaintiffs | § § § § § § § | |
| v. | § § | Civil Action No.: 4:23-cv-04686 |
| CITY OF HOUSTON, TEXAS and CHRISTOPHER CABRERA Defendants | § § § § | |

# **DEFENDANT CHRISTOPHER CABRERA'S RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Officer Christopher Cabrera ("Officer Cabrera") files this Motion to Dismiss Plaintiffs' Original Complaint [Doc. #1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Officer Cabrera would respectfully show the Court as follows:

**Table of Contents**

Table of Contents ...................................................................................................... 1
Table of Authorities ................................................................................................... 2
Nature and Stage of Proceedings ............................................................................... 3
Statement of Issues to Be Ruled on and Standard of Review .................................... 4
   I.   Statement of Issues ........................................................................................ 4
   II.  Standard of Review ....................................................................................... 4
Summary of the Argument ......................................................................................... 6
Argument and Authorities .......................................................................................... 6

I. Plaintiffs' claims against Officer Cabrera are insufficient to overcome his qualified immunity. ...................................................................................6

    A.   Officer Cabrera is entitled to qualified immunity. .....................................6

    B.   Plaintiffs allege no constitutional deprivation. ............................................9

    C.   A claim that the United States Supreme Court expressly rejected is the antithesis of a clearly established right. ......................................................13

Conclusion ...................................................................................................................15

**Table of Authorities**

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................4, 5
*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) ......................................................7, 8
*Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481 (5th Cir. 2001) .....................8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................5
*Bell v. Hicks*, No. CIV.A. H-12-1979, 2012 WL 3276728 (S.D. Tex. Aug. 9, 2012) ...................................................................................................................10
*Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022) ......................................................7, 8
*City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9 (2021)......................................13
*Club Retro, L.L.C. v. Hilton*, 568 F.3d 181 (5th Cir. 2009) .....................................7
*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)........................................ 10, 11
*Cole v. Carson*, 935 F.3d 444 ....................................................................................9
*Collins v. Ainsworth*, 382 F.3d 529 (5th Cir. 2004) .................................................8
*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986).................................................10
*Daniels v. City of Dallas*, 272 Fed. Appx. 321 (5th Cir. 2008) (per curiam) (not designated for publication) ............................................................... 10, 14
*Daniels v. Williams*, 474 U.S. 327 (1986) ................................................................10
*Dyson v. Cox*, No. 3:12-CV-3053, 2013 WL 4813557 (W.D. La. Sept. 3, 2013)...11
*Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036 (N.D. Tex. Oct. 6, 2003) ...................................................................................................................10
*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) ...............................................6
*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ..............................................................5
*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ..............................................................6
*Harmon v. City of Arlington, Tex.*, 16 F.4th 1159 (5th Cir. 2021) ..........................6
*Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176 (M.D. La. July 14, 2009) .........................................................................................10
*Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021).......................................................7
*Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509 (E.D. La. 2020)....................11

*M. D. by Stukenberg v. Abbott*, 907 F.3d 237 (5th Cir. 2018)........................... 11, 13
*Maryland Manor Associates v. City of Houston*, 816 F. Supp. 2d 394 (S.D. Tex. 2011).............................................................................................................5
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ................................................4
*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010)..........5
*Morgan v. Swanson*, 659 F.3d 359 (5th Cir. 2011) (en banc) ..............................7, 8
*Norris v. Hearst Tr.*, 500 F.3d 454 (5th Cir. 2007).....................................................6
*Pearson v. Callahan*, 555 U.S. 223 (2009)................................................................7
*Saucier v. Katz*, 533 U.S. 194 (2001) ........................................................................7
*Scott v. Harris*, 550 U.S. 372 (2007) .........................................................................7
*Smith v. Walden*, 228 F.3d 408 (Table), 2000 WL 1056091 (5th Cir. July 17, 2000) (unpublished) ................................................................................................14
*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).................................5
*Tucker v City of Shreveport*, 998 F3d 165 (5th Cir 2021).........................................7
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003)................................................................................................................5
*Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094 (5th Cir. 2022).......................14
*West v. Atkins*, 487 U.S. 42 (1988) ...........................................................................9
*White v. Thomas*, 660 F.2d 680 (5th Cir. 1981)........................................................9
*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995) ...............................9
*Wyatt v. Fletcher*, 718 F.3d 496 (5th Cir. 2013).......................................................8

Statutes
42 U.S.C. § 1983 ............................................................................................... *passim*
Rules
Fed. R. Civ. P. 8 .........................................................................................................5
Fed. R. Civ. P. 12(b)(6)..............................................................................................5
Fed. R. Civ. P. 8(a)(2)................................................................................................5

**Nature and Stage of Proceedings**

1. This is a car wreck case that is being brought as if it were a federal civil right case. Plaintiffs initially filed their suit in Texas state court, asserting state law tort claims the City of Houston pursuant to the Texas Tort Claims Act ("TTCA"). Per the trial court's docket control order, the matter was set for trial

3

on January 8, 2024.[1] On December 15, 2023, Houston filed its Hybrid Traditional and No Evidence Motion for Final Summary Judgment on Government Immunity. That same day, Plaintiffs filed a notice of nonsuit in state court and their Original Complaint here [Doc. #1]. In addition to the TTCA claims Plaintiffs previously asserted against Houston in the state court matter, Plaintiffs now assert claims against Houston and Officer Cabrera pursuant to 42 U.S.C. § 1983. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). This is the first responsive motion by Officer Cabrera.

**Statement of Issues to Be Ruled on and Standard of Review**

    **I.    Statement of Issues**

1. Plaintiffs' § 1983 claim against Officer Cabrera must be dismissed because Plaintiffs do not allege facts that would overcome his qualified immunity.

    **II.    Standard of Review**

    2.    If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to

---

[1] The Court can take judicial notice of the state court filings, which are available at: https://www.hcdistrictclerk.com/Edocs/Public/CaseDetails.aspx?Get=SvBY0pjtuRIEfu9ewfHNvXnTcEdSh0+3tHC5NC2lXVPVcn4QmmF7BTEXFGKslSvahAgeYiAZXKnHsH4UJE%2fA7IdjjjDOXn9BcPtqSurwS2U%3d

4

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

        3.    "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Furthermore, a court may consider public records attached to the rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *See e.g., Maryland Manor Associates v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011) ("Because the documents the City attached to its amended motion to dismiss are public records, this court may consider them without

converting the motion to dismiss into a motion for summary judgment.") (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). The court may also consider documents attached to the Rule 12(b)(6) motion that are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

**Summary of the Argument**

4. A car accident simply does not give rise to constitutional implications. As such, Plaintiffs pled no facts to plausibly allege a constitutional violation—let alone a clearly established one—such that they could overcome Officer Cabrera's qualified immunity.

**Argument and Authorities**

**I. Plaintiffs' claims against Officer Cabrera are insufficient to overcome his qualified immunity.**

**A. Officer Cabrera is entitled to qualified immunity.**

5. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). Qualified immunity is

justified unless no reasonable officer could have acted as the defendant officer did, or every reasonable officer faced with the same facts would not have acted as the defendant officer did. *Kokesh v. Curlee*, 14 F.4th 382 (5th Cir. 2021). In other words, if officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact. *Tucker v City of Shreveport*, 998 F3d 165, 172 (5th Cir 2021). Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). As such, one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 645, 647–49 (5th Cir. 2012)).

   6. Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The threshold inquiry in resolving an issue of qualified immunity is whether, taking the facts in the light most favorable to the plaintiff, the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Scott v. Harris*, 550 U.S. 372, 377-78 (2007). Next, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201. "Answering in the affirmative requires the court

to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "This requirement establishes a high bar." *Id.* When there is no controlling authority specifically prohibiting a defendant's conduct, the law is not clearly established for the purposes of defeating qualified immunity. *Id.* Officials "who reasonably but mistakenly commit a constitutional violation are entitled to immunity." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)). Courts have discretion to decide which prong of the qualified-immunity analysis to address first. *Morgan*, 659 F.3d at 371.

7. Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. *Carswell*, 54 F.4th at 311-12. It cannot defer that question until summary judgment. *Id.* Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense. *Id.*

8. On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome

qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

**B. Plaintiffs allege no constitutional deprivation.**

9. Section 1983 neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). It affords a remedy only to those who suffer, as a result of state action, deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* (citing 42 U.S.C.A. § 1983). Hence, to state a claim under 42 U.S.C. § 1983, Plaintiffs must allege a deprivation of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988).

10. Allegations stemming from involvement in a car accident causing unintended loss of or injury to life or property fail to allege a deprivation of a right secured by the Constitution and laws of the United States. *See e.g.*, *County.*

*of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998) ("[W]e hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983."); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *Daniels v. City of Dallas*, 272 Fed. Appx. 321, 324 (5th Cir. 2008) (per curiam) (not designated for publication); *Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir. 1986) ("[I]t is plain that a person injured in an auto accident when a police officer negligently fails to yield the right-of-way has no claim for deprivation of constitutional right."); *Bell v. Hicks*, No. CIV.A. H-12-1979, 2012 WL 3276728, at *2 (S.D. Tex. Aug. 9, 2012) ("The facts presented by Bell indicate that he was involved in an automobile accident that was attributable to a driver's bad judgment. Consequently, he cannot establish a violation of his civil rights with regard to the collision."); *Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036, at *2 (N.D. Tex. Oct. 6, 2003) (dismissing complaint as frivolous); *Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176, at *1 (M.D. La. July 14, 2009) ("The plaintiff's allegations make clear that the claims arising out of this incident are not claims of constitutional dimension.").

11. Plaintiffs allege that Officer Cabrera was negligent, reckless, and deliberately indifferent [Doc. #1 at ¶¶22, 25, 29, 81]. Indeed, Plaintiffs have alleged negligence claims stemming from the same conduct [Doc. #1 at ¶¶84-87]. But negligent conduct cannot be the predicate for a § 1983 claim. *Daniels*, 474 U.S. at 333; *Dyson v. Cox*, No. 3:12-CV-3053, 2013 WL 4813557, at *3 (W.D. La. Sept. 3, 2013) ("Plaintiff's injury was the result of an accident that occurred when these two defendants were in the process of transporting plaintiff from the prison to a dental appointment. It appears that, at worst, plaintiff has alleged only negligence on their part; negligence cannot support a claim for damages under Section 1983."). And where an officer must make split-second decisions, such as when in a pursuit, even allegations of deliberate indifference or recklessness do not state a claim under the due process clause. *Lewis*, 523 U.S. at 854. Because Plaintiffs have alleged no facts to plausibly suggest that Officer Cabrera intended to harm Charles Payne, Plaintiffs do not state a claim for which relief can be granted. *Id.*; *Littlejohn v. New Orleans City*, 493 F. Supp. 3d 509, 521 (E.D. La. 2020) (in case arising from police pursuit, dismissing claims on qualified immunity because plaintiff did not allege facts to support intent to harm).

12. Even if a deliberate indifference standard were applicable here, deliberate indifference is a significantly high burden for plaintiffs to overcome. *M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 251–52 (5th Cir. 2018). The state actor

must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw that inference. *Id.* at 252. A state actor is not deliberately indifferent to a substantial risk of serious harm if, aware of the risk, it responds reasonably even if the harm ultimately was not averted. *Id.*

    13. Officer Cabrera's testimony negates deliberate indifference here.[2] First of all, Officer Cabrera was still afforded some latitude in how he operated his police vehicle under Texas law because he was still assigned to a priority two emergency call regarding a DWI suspect that originated from the 9-1-1 system [Doc. #8-1, Cabrera Aff. at ¶¶3, 7]. Nevertheless, Officer Cabrera testified that he was operating his vehicle in a manner that was reasonable and prudent [Doc. #8-1 at ¶5]. He was obeying traffic signals and came to a complete stop at several red lights [Doc. #8-1 at ¶5]. He maintained visibility on the street and the road ahead of him. [Doc. #8-1 ¶5]. And he expressly denied Plaintiffs' counsel's suggestion that he was driving in a reckless manner [Doc. #8-2, Cabrera Dep. Excerpts at 52:2-23]. In other words, Officer Cabrera did not draw the inference that a serious risk of harm existed from his conduct.

---

[2] Because Plaintiffs' complaint repeatedly refers to Cabrera's testimony and makes it central to their claims [Doc. #1 at ¶¶30, 35, 36, 38, 39, 64, 65, 67, 74, 76] the Court can consider it for purposes of this motion without converting it to a summary judgment.

14. Furthermore, once Charles Payne—who was making a left turn and had a duty to yield to oncoming traffic—suddenly pulled out in front of him, Officer Cabrera immediately reacted by braking hard and turning the wheel to the left [Doc. #8-1 at ¶ 6]. He could see that the back seat was unoccupied; he figured if there would be a collision, I would try to minimize the harm to persons by aiming for the trunk of the vehicle or at least the back seat where no persons appeared to be sitting [Doc. #8-1 at ¶6]. In other words, once Officer Cabrera became aware of the risk, he responded reasonably, even though the harm ultimately was not averted, which negates any inference of deliberate indifference. *See M. D. by Stukenberg*, 907 F.3d at 252.

### C. A claim that the United States Supreme Court expressly rejected is the antithesis of a clearly established right.

15. Plaintiffs allege "it is clearly established that an officer who is speeding at an excessive speed (which going double the speed limit undoubtedly falls within this category) on surface streets without any emergency or legitimate need to go this speed constitutes a Fourteenth Amendment violation" [Doc. #1 at ¶81] but Plaintiffs cite not one single case to support this proposition. *See City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 14 (2021) ("Neither the panel majority nor the respondent have identified a single precedent finding a Fourth Amendment violation under similar circumstances. The officers were thus entitled to qualified

immunity."). To the contrary, because the Supreme Court has never recognized a constitutional violation on these facts, this is the antithesis of a clearly-established constitutional violation. *See Watts v. Northside Indep. Sch. Dist*., 37 F.4th 1094, 1096 (5th Cir. 2022) ("A claim that we have expressly not recognized is the antithesis of a clearly established one.").

16. Furthermore, even assuming a deliberate indifference standard, the Fifth Circuit has twice rejected Fourteenth Amendment claims stemming from a car accident where a police officer was responding to a non-emergency call. *Daniels*, 272 Fed. Appx. at 322–23 (citing *Smith v. Walden*, 228 F.3d 408 (Table), 2000 WL 1056091, at *1 (5th Cir. July 17, 2000) (unpublished)) ("Appellants challenge the district court's dismissal of their civil-rights lawsuit. They argue that the court erred in holding that Officer Rick D. Walden was entitled to qualified immunity on the claim that he violated Bill R. and Freda Lorece Smith's rights to substantive due process when he collided with their vehicle when responding to a call. Because the protections of the Due Process Clause are not triggered by conduct of the sort alleged by Appellants, the district court did not err in holding that Officer Walden was immune.").

17. Accordingly, Plaintiffs' Complaint fails to plead facts to overcome Officer Cabrera's qualified immunity.

**Conclusion**

For the reasons stated above, Plaintiffs have failed to state a claim upon which relief can be granted as to Officer Cabrera. Therefore, Officer Cabrera respectfully requests that this Court grant this motion, and dismiss all of Plaintiffs' claims against him with prejudice.

                                        Respectfully submitted,
                                        **ARTURO G. MICHEL**
                                        **City Attorney**

                                        CHRISTY MARTIN
                                        Chief, Torts/Civil Rights

Date: January 19, 2024        By:   */s/ Christy L. Martin*
                                        ATTORNEY IN CHARGE
                                        SBN: 24041336
                                        FBN: 754168
                                        832.393.6438
                                        christy.martin@houstontx.gov
                                        CITY OF HOUSTON LEGAL DEPARTMENT
                                        900 Bagby, 4th Floor
                                        Houston, Texas 77002
                                        832.393.6259 Facsimile

                                        ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

*/s/Christy L. Martin*
CHRISTY L. MARTIN