| | | |
|---|---|---|
| **HARRIET PAYNE, CHARLES** | § | |
| **PAYNE, JR. CAVIN PAYNE,** | § | |
| **STEPHANIE PAYNE, BETTY** | § | |
| **MORRISON, KIZZ GOINS, KATANIA** | § | |
| **DEARBORNE, and ROBERT PAYNE,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:23-cv-04686** |
| | § | |
| **CITY OF HOUSTON, TEXAS and** | § | |
| **CHRISTOPHER CABRERA** | § | |
| **Defendants** | § | |

## DEFENDANTS CITY OF HOUSTON'S RULE 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston ("Houston") file this Motion to Dismiss Plaintiffs' Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Houston and Officer Cabrera would respectfully show the Court as follows:

**Table of Contents**

Table of Authorities ...................................................................................................2
Nature and Stage of Proceedings .............................................................................4
Statement of Issues to Be Ruled on and Standard of Review...................................4
  I.   Statement of Issues .........................................................................................4
  II.  Standard of Review..........................................................................................5
Summary of the Argument.........................................................................................6
Argument and Authorities..........................................................................................6
  I.   Plaintiffs' Fourteenth Amendment claims against Houston must be dismissed
       because Plaintiffs plead no facts to implicate municipal liability under *Monell*. ..6
    A.   Plaintiffs plead no facts to suggest an underlying constitutional violation
         that could give rise to municipal liability under *Monell*. ...................................7

   B.  Plaintiffs plead no facts to plausibly infer a policy that could be the moving force for a constitutional violation. ................................................................8

      1.   Official policy ................................................................................9

         a.   Circular re: 2-hours to file charges ..................................10

         b.   G.O. 600-01. ..........................................................................10

      2.   Custom or practice .....................................................................11

   C.  Plaintiffs' failure to train, supervise, and discipline theories are otherwise due to be dismissed. ............................................................................12

      1.   As Officer Cabrera met TCOLE training requirements, Plaintiffs' failure to train claim is due to be dismissed. ...........................................13

      2.   Plaintiffs' failure to supervise allegations are vague and conclusory. .14

      3.   Plaintiffs' allegations belie that officers are never disciplined.............14

II.  Plaintiffs' TTCA claim against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA.................15

   A.   Negligence per se is not cognizable under the TTCA. ...........................16

   B.  Plaintiffs fail to negate application of the emergency exception. ..............16

      1.   Plaintiffs fail to negate that Officer Cabrera was reacting to an emergency situation without recklessness. ....................................................17

      2.   Plaintiffs fail to negate that Officer Cabrera was continuing to respond to an emergency call consistent with applicable law. ...................................17

   C.  Plaintiffs fail to negate application of the TTCA's 9-1-1 exception. ........19

Conclusion ...............................................................................................................20

**Table of Authorities**

Cases

*Alvarez v. City of Brownsville*, 904 F.3d 382 (5th Cir. 2018) (en banc) ............ 7, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................5

*Benavides v. County of Wilson*, 955 F.2d 968 (5th Cir.1992) .................................14

*Burge v. St. Tammany Par.*, 336 F.3d 363 (5th Cir. 2003).......................................9

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir. 2011) ....................................12

*Chavez v. Alvarado*, 550 F. Supp. 3d 439 (S.D. Tex. 2021) ..................... 10, 11, 13

*City of Canton v. Harris*, 489 U.S. 378 (1989)........................................................13

*City of Houston v. Denby*, No. 01-21-00422-CV, 2022 WL 3588753, (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.) ........................................................20

*City of Houston v. Salazar*, ___ S.W.3d ___, 2024 WL 117384 (Tex. App.—Houston [14th Dist.] Jan. 11, 2024, no pet. h.) ................................................................11

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ..................................................8

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)..................................................8

*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) ...................................................8

*Daniels v. City of Dallas*, 272 Fed. Appx. 321 (5th Cir. 2008) (per curiam) (not designated for publication) ..........................................................................................8

*Daniels v. Williams*, 474 U.S. 327 (1986) ...............................................................8

*Davidson v. City of Stafford*, 848 F.3d 384 (5th Cir. 2017) ................................12

*Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036 (N.D. Tex. Oct. 6, 2003) ...................................................................................................................................8

*Ford v. Caddo Par.*, No. CV 15-0544, 2017 WL 6045465 (W.D. La. Dec. 6, 2017) .................................................................................................................................13

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) ..............................................6

*Haddock v. Tarrant County, Tex.*, 986 F.3d 893 (5th Cir. 2021) ...........................7

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ............................................................6

*Hunter v. City of Houston*, 564 F. Supp. 3d 517 (S.D. Tex. 2021 ......................13

*Jason v. Tanner*, 938 F.3d 191 (5th Cir. 2019)........................................................9

*Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176 (M.D. La. July 14, 2009) .....................................................................................................8

*Maryland Manor Associates v. City of Houston*, 816 F. Supp. 2d 394 (S.D. Tex. 2011) .................................................................................................................. 6, 10

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ..........5

*Norris v. Hearst Tr.*, 500 F.3d 454 (5th Cir. 2007) .................................................6

*Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838 (5th Cir. 2009) .....................12

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002)......................................12

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001)...........................7, 9

*Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309 (E.D. Tex. 2021)............14

*Rattray v. City of Brownsville*, 662 S.W.3d 860  (Tex. 2023)................................16

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005)................................13

*Sanchez v. Young County, Tex.*, 956 F.3d 785 (5th Cir. 2020)...............................12

*Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010) .............................14

*Sligh v. City of Conroe, Tex.*, 87 F.4th 290 (5th Cir. 2023)......................... 6, 10, 11

*Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, (N.D. Tex. Nov. 18, 2008).........................................................................................................8

*Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 826 (W.D. Tex. 2006)...................13

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).................................6

*Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236 (Tex. App.—Houston [14th Dist.] 2008, no pet.).........................................................................................................17

*Texas Dep't of Parks and Wildlife v. Miranda,*133 S.W.3d 217 (Tex. 2004).........16

*Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) ............................................15

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ......................................................................................................................6

*Webb v. Town of Saint Joseph*, 925 F.3d 209 (5th Cir. 2019) ..................................7

*West v. Atkins,* 487 U.S. 42 (1988) ...........................................................8
*White v. Thomas*, 660 F.2d 680 (5th Cir. 1981)........................................8
*Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161 (5th Cir. 2010).....................13

Statutes
42 U.S.C. § 1983 .......................................................... 5, 7, 8, 9
Tex. Civ. Prac. & Rem. Code § 101.062(b)..........................................20
Tex. Civ. Prac. & Rem. Code §101.055(2).........................................17
Tex. Transp. Code § 545.352 .......................................................19
Tex. Transp. Code § 546.001-05 ................................................ 16, 19

Rules
Fed. R. Civ. P. 12(b)(6).................................................................. passim

**Nature and Stage of Proceedings**

1.     This is a car wreck case that came within a month of trial on a negligence theory. Plaintiffs initially filed their suit in Texas state court, asserting state law tort claims Houston pursuant to the Texas Tort Claims Act ("TTCA"). Trial on was set on January 8, 2024.[1]  On December 15, 2023, Houston filed its Hybrid Traditional and No Evidence Motion for Final Summary Judgment on Government Immunity [Doc. #9-1]. That same day, Plaintiffs non-suited in state court and re-filed here [Doc. #1]. In addition to the TTCA claims, Plaintiffs now assert claims pursuant to 42 U.S.C. § 1983 against Houston and Officer Christopher Cabrera ("Officer Cabrera"). *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). This is the first responsive motion in this proceeding by Houston.

**Statement of Issues to Be Ruled on and Standard of Review**

**I.     Statement of Issues**

---

[1]   The Court can take judicial notice of the state court filings, which are available at: https://www.hcdistrictclerk.com/Edocs/Public/CaseDetails.aspx?Get=SvBY0pjtuRIEfu9ewfHNvXnTcEdSh0+3tHC5NC2lXVPVcn4QmmF7BTEXFGKslSvahAgeYiAZXKnHsH4UJE%2fA7IdjjjDOXn9BcPtqSurwS2U%3d

4

1. Plaintiffs' Fourteenth Amendment claims against Houston must be dismissed because Plaintiffs plead no facts to implicate municipal liability under *Monell*.

2. Plaintiffs' TTCA claim against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA.

## II. Standard of Review

2.     If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

3.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556

US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Furthermore, a court may consider public records attached to the rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. *Maryland Manor Associates v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). The court may also consider documents attached to the Rule 12(b)(6) motion that are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 297 (5th Cir. 2023). If the exhibit contradicts the allegation, the exhibit and not the allegation controls. *Id.*

**Summary of the Argument**

4.      A car accident causing unintended loss of life simply does not allege a constitutional violation. Even if it could, Plaintiffs' have pled insufficient facts to causally connect this accident with any existing HPD policy. And as to their TTCA claim, because Plaintiffs fail to negate application of the TTCA's emergency and 9-1-1 exceptions, Plaintiffs fail overcome Houston's governmental immunity.

**Argument and Authorities**

**I.     Plaintiffs' Fourteenth Amendment claims against Houston must be dismissed because Plaintiffs plead no facts to implicate municipal liability under *Monell*.**

5.      Houston, as a municipal entity, cannot be held liable under § 1983 on a respondeat superior theory. *Haddock v. Tarrant County, Tex.*, 986 F.3d 893 (5th Cir.

2021) (*citing Monell*, 436 U.S. at 691). In other words, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (*citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Rather, for municipal liability to attach, a plaintiff must prove "three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom. *Id.* The causal link "moving force" requirement and the degree of culpability "deliberate indifference" requirement must not be diluted, for "where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability. *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc).

### A. Plaintiffs plead no facts to suggest an underlying constitutional violation that could give rise to municipal liability under *Monell*.

6.      Section 1983 neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). It affords a remedy only to those who suffer, as a result of state action, deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* (citing 42 U.S.C.A. § 1983).

7.      Allegations stemming from involvement in a car accident causing

unintended loss of or injury to life or property fail to allege a deprivation of a right secured by the Constitution and laws of the United States. *See e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998); *Daniels v. City of Dallas*, 272 Fed. Appx. 321, 324 (5th Cir. 2008) (per curiam) (not designated for publication); *Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir. 1986); *Bell v. Hicks*, No. CIV.A. H-12-1979, 2012 WL 3276728, at *2 (S.D. Tex. Aug. 9, 2012); *Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036, at *2 (N.D. Tex. Oct. 6, 2003); *Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176, at *1 (M.D. La. July 14, 2009).

8.      Indeed, Plaintiffs have alleged negligence claims stemming from the same conduct [Doc. #1 at ¶¶84-87]. Negligent conduct cannot be the predicate for a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

9.      Absent underlying constitutional violation, there can be no municipal liability. *Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, at *11 (N.D. Tex. Nov. 18, 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

**B. Plaintiffs plead no facts to plausibly infer a policy that could be the moving force for a constitutional violation.**

10.      To state a claim for municipal liability, Plaintiff must also identify an "official policy,"—either a policy statement formally announced by an official policymaker or a persistent widespread practice of city officials or employees,

which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Brown*, 985 F.3d at 497.

### 1. Official policy

11.    To survive rule 12(b)(6), Plaintiff must specifically identify which policy allegedly caused the constitutional violation and identify whether the policy is facially constitutional or unconstitutional. *Piotrowski*, 237 F.3d at 579–80. Where an official policy or practice is ***facially unconstitutional***, it necessarily follows that a policymaker was not only aware of the specific policy but was also aware that a constitutional violation would most likely occur. *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (emphasis added) (*citing Piotrowski*, 237 F.3d at 579)). However, if the policy is ***facially constitutional***, then Plaintiff must plead that the policy was promulgated with "deliberate indifference to the known or obvious consequences that constitutional violations must result." *Id.* Deliberate indifference is a stringent standard. *Jason v. Tanner*, 938 F.3d 191, 197 (5th Cir. 2019). Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight. *Alvarez*, 904 F.3d at 391. Establishing deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation.

*Burge*, 336 F.3d at 370.

### a. Circular re: 2-hours to file charges

12.     Plaintiffs allege that this Circular "requires officers to drive recklessly and in significant excess of the speed limits without emergency equipment to meet HPD's requirements" [Doc. #1 at ¶59]. The Circular says no such thing [Doc. #1 at ¶37].   Because Plaintiffs wholly misrepresent the language in the circular, Plaintiffs cannot demonstrate moving force; a nonexistent policy cannot cause an injury.  *Sligh*, 87 F.4th at 302; *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 457 (S.D. Tex. 2021).

13.     With respect to deliberate indifference, Plaintiffs articulated no facts to suggest a pattern of other officers speeding to comply with the time limits in the Circular.[2]

### b. G.O. 600-01.

14.     Plaintiffs also allege "Second, the City also has a policy that permits their officers to drive recklessly and deliberately indifferent to the lives and constitutional rights of their citizens by allowing officers to drive in complete disregard for the traffic laws when the officer is simply assigned to a call and not actually responding to a call" [Doc. #1 at ¶39]. The Court can take judicial notice of

---

[2] Although Plaintiffs describe the policy as arbitrary [Doc. #1 at ¶8] and serving "no legitimate government purpose" [Doc. #1 at ¶38], promptly filing charges protects the due process rights of the criminally accused. Tex. Code Crim. Pro. 15.17. (requiring that a person arrested must be presented to a magistrate "without unnecessary delay, but not later than 48 hours after the person is arrested").

General Order 600-01:[3]

> (see below chart). When responding to any *call for service or event*, officers shall drive using the most direct and expedient route, recognizing that an unknown amount of time may have elapsed before notification was given to the police department. Officers shall drive with due regard for the safety of themselves, fellow officers, and citizens.

15.    Again, because Plaintiffs have misrepresented the language of this policy, Plaintiffs cannot demonstrate moving force. *Sligh*, 87 F.4th at 302; *Chavez*, 550 F. Supp. 3d at 457.

16.    With respect to conscious indifference, none of the other situations plaintiffs describe are remotely similar to the circumstances here [Doc. #1 at ¶39]. Instead, the other instances involve active pursuits, or officer response to emergency calls where the suspect has not yet been taken into custody [Doc. #1 at ¶¶42-49].[4]

### 2. Custom or practice

17.    In the absence of an actual policy, to survive a 12(b)(6) motion, Plaintiffs must plead facts to infer that there existed "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Hicks-Fields*, 860 F.3d at 808–09. Showing a pervasive pattern is a heavy burden. *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793 (5th Cir. 2020). There must be a significant number of other instances,

---

[3] Available at: https://www.houstontx.gov/police/general_orders/600/600-01%20Response%20Management.pdf
[4] Notably, judgment was entered in Houston's favor in two state cases arising from two of these other instances. *See City of Houston v. Salazar*, ___ S.W.3d ___, 2024 WL 117384 (Tex. App.—Houston [14th Dist.] Jan. 11, 2024, no pet. h.); [Doc. #9-3 (arising from Matthew Valdez collision)].

placed in context of the size of the police department and criminal incidents investigated. *See e.g.*, *Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (three arrests over three and a half years insufficient); *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (holding two reports of violations of a policy in four years in Houston insufficient); *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 851–52 (5th Cir. 2009) (27 complaints of excessive force over three years in department with more than 1,500 insufficient); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding eleven incidents in one of the Nation's largest cities and police forces insufficient). Plaintiffs must also allege with specificity that the other instances are fairly similar to what ultimately transpired. *Hicks-Fields*, 860 F.3d at 810.

18.     Plaintiffs aggregate statistics [Doc. #1 at ¶¶51-52] suggest that in the country's fourth largest city, there is no general pattern of reckless driving in pursuits; despite an average of 1260 pursuits each year, a collision may have occurred just 1% of the time, a citizen death just .086% of the time, and citizen injury 2% of the time. Furthermore, as discussed in ¶16, *supra*, this case does not involve a pursuit, and Plaintiffs identified no factually similar situation that could demonstrate a relevant pattern. Absent any actual pattern, there can be no moving force. *Chavez*, 550 F. Supp. 3d at 457.

**C. Plaintiffs' failure to train, supervise, and discipline theories are otherwise due to be dismissed.**

19.     All failure to act claims, such as failure to train, supervise and discipline, involve the same basic elements:  inadequacy, deliberate indifference, and causation. *Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 826, 833 n.5 (W.D. Tex. 2006); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (failure to train); *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989) (failure to train); (*Hunter v. City of Houston*, 564 F. Supp. 3d 517, 529 (S.D. Tex. 2021) (failure to discipline); *Ford v. Caddo Par.*, No. CV 15-0544, 2017 WL 6045465, at *7 (W.D. La. Dec. 6, 2017) (failure to train, supervise and discipline).

## 1. As Officer Cabrera met TCOLE training requirements, Plaintiffs' failure to train claim is due to be dismissed.

20.     Plaintiffs allege a *Monell* theory predicated on failure to train [Doc. #1 at ¶¶71-76]. Again, Plaintiffs fail to allege facts so suggest deliberate indifference, because they did not plead a pattern of ***similar*** violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation. *See Burge*, 336 F.3d at 370.   Furthermore, compliance with state requirements is a factor counseling against a failure to train finding. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010). When officers have received training required by Texas law, the plaintiff must show that the legal minimum of training was inadequate. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010) (citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992).  The Court can take judicial notice of Officer Cabrera's TCOLE training

records[5] which reflect that Officer Cabrera met minimum TCOLE training requirements [Doc. #9-2]. And Plaintiffs do not allege facts to infer the state requirements are inadequate.

**2. Plaintiffs' failure to supervise allegations are vague and conclusory.**

21.     Plaintiffs allege in the most general terms that "The City can monitor" its officers' speed, but no one did so with Officer Cabrera or used that data for disciplinary purposes [Doc. #1 at ¶¶36, 62]. Plaintiffs allege no concrete facts about whether or how these speeds can be "monitored" in real-time, or if such data is merely capable of being captured after-the-fact. Plaintiffs allege no facts to suggest that the policy of failing to monitor these speeds was promulgated with deliberate indifference of any policymaker.

**3. Plaintiffs' allegations belie that officers are never disciplined.**

22.     Plaintiffs allege that Houston Police Officers are ***never*** punished, disciplined, or cited for driving over the speed limit [Doc. #1 at ¶35]. But Plaintiffs also allege that Officer Matthew Valdez was criminally indicted for speeding while responding to an emergency call [Doc. #1 at 45]. Similarly, while rattling off their dubious statistics, Plaintiffs acknowledge that officers ***are*** disciplined after motor-vehicle collisions [Doc. #1 at ¶52].

23.     Plaintiffs further allege that Officer Cabrera testified in the state court

[5]*Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 328 (E.D. Tex. 2021) (holding TCOLE records were public records that could be judicially noticed for consideration in resolving 12(b)(6))

matter that "Houston police officers do not pull each other over as a matter of policy and are never warned, reprimanded, or disciplined in any manner for driving over the speed limit or recklessly." [Doc. #1 at ¶35]. Plaintiffs mischaracterize his testimony. Officer Cabrera merely testified that it is not typical for an officer to pull over a fellow officer for speeding when its lights and siren are not engaged [Doc. #9-4 Cabrera Dep. at 56:4-57:19]. But when a fellow officer is responding to a priority two emergency call—for which the standard response is without emergency equipment—and Texas law expressly authorizes officers to exceed the posted speed limit, it makes little sense for one officer to pull over another for speeding. *See* Tex. Transp. Code § 546.001-05.

## II. Plaintiffs' TTCA claim against Houston must be dismissed because Plaintiffs do not plead a valid waiver of Houston's immunity under the TTCA.

24.     Houston enjoys governmental immunity from suit in the performance of its governmental functions. *See, e.g., Tooke v. City of Mexia*, 197 S.W.3d 325, 343–44 (Tex. 2006). Governmental immunity deprives a trial court of subject-matter jurisdiction for suits against governmental units unless the government consents to suit. *Texas Dept. of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). A plaintiff bears the burden to affirmatively demonstrate a trial court's jurisdiction by alleging circumstances that fit within a provision of the Act that authorizes a waiver. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023); *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). But a

plaintiff cannot stop there. *Rattray*, 662 S.W.3d at 866. Plaintiffs must also expressly negate those exceptions that their allegations plausibly implicate, which will depend on the nature of the dispute. *Id.*

### A. Negligence per se is not cognizable under the TTCA.

25.     Plaintiffs' Complaint alleges negligence per se in addition to negligence [Doc. #1 at ¶85]. The TTCA does not clearly and unequivocally waive immunity for claims based upon negligence per se. *Thoele v. Tex. Dept. of Criminal Justice*, 10-18-00249-CV, 2020 WL 7687864, at *6 (Tex. App.—Waco Dec. 22, 2020, no pet.). Plaintiffs' negligence per se claim is due to be dismissed.

### B. Plaintiffs fail to negate application of the emergency exception.

26.     The emergency exception vitiates the waiver when the claim arises from the actions of an employee while responding to an emergency call or reacting to an emergency situation, if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others. Tex. Civ. Prac. & Rem. Code §101.055(2). *Maspero*, 640 S.W.3d at 529. This language is disjunctive, applying *either* when an officer is responding to an emergency call *or* reacting to an emergency situation. *See* 101.055; *Tex. Dept. of Pub. Safety v. Little*, 259 S.W.3d 236, 239 (Tex. App.—Houston [14th Dist.] 2008, no pet.). To negate its application, Plaintiffs must plead facts to negate *both* that Officer Cabrera was not responding to an emergency call *and* was not reacting to an

emergency situation.

**1. Plaintiffs fail to negate that Officer Cabrera was reacting to an emergency situation without recklessness.**

27.    Plaintiffs alleged no facts to negate that for purposes of the TTCA's emergency exception, Officer Cabrera was reacting to an emergency situation caused when Charles Payne Sr. pulled out right in front of him. *See* Tex. Civ. Prac. & Rem. Code § 101.055. To the contrary, Plaintiffs expressly pled that Charles Payne was traveling southbound on Shepherd and started to make a left turn [Doc. #1 at ¶26], and slowed but did not stop before beginning his left turn [Doc. #1 at ¶27]. Under these facts, Payne had a duty to yield to oncoming traffic, i.e. Officer Cabrera. And when asked what active emergency he was responding to, Officer Cabrera testified "[T]he vehicle that pulled out in front of me." [Doc. #9-4, Cabrera Dep. Excerpts at 16:6-13].[6]  Officer Cabrera immediately reacted by braking hard and turning the wheel to the left [Doc. #9-1 Ex. A, Cabrera Aff. at ¶ 6].  He could see that the back seat was unoccupied; he figured if there would be a collision, he would try to minimize the harm to persons by aiming for the trunk of the vehicle or at least the back seat where no persons appeared to be sitting [Doc. #9-1 Ex. A at ¶6].  As such, he reacted without recklessness.

**2. Plaintiffs fail to negate that Officer Cabrera was continuing to respond to an emergency call consistent with applicable law.**

---

[6] As Plaintiffs' complaint repeatedly refers to Cabrera's testimony and makes it central to their claims [Doc. #1 at ¶¶30, 35, 36, 38, 39, 64, 65, 67, 74, 76] the Court can consider it for purposes of this motion.

28.    Plaintiffs expressly pled that at the time this accident occurred, Officer Cabrera testified he was still assigned to a call [Doc. #1 at ¶67]. In fact, Officer Cabrera testified that the call he was assigned to was a priority two emergency call for a suspected DWI [Doc. #9-1 Ex. A at ¶5; Doc. #9-4 at 16:18-17:4]. And although the suspect was booked, Officer Cabrera still needed to complete the offense report and charges [Doc. #9-1 Ex. A at ¶4]. Indeed, Plaintiffs admit that Officer Cabrera remained under some sort of time pressure associated with this DWI investigation [Doc. #1 at ¶64]. And Officer Cabrera confirmed that because he was still assigned to the emergency call, he was not available to take other calls for service, and could not self-initiate other police activity [Doc. #9-1 Ex. A at ¶7; Doc. #9-4 at 16:18-17:4].

29.    While Plaintiffs repeatedly allege that Officer Cabrera exceeded the posted speed limit [Doc. #1 at ¶¶1, 3, 5, 22], merely exceeding the posted speed limit is not a per se violation of law under the Transportation Code. *See* Tex. Transp. Code § 545.352 [Doc. #9-4 at 50:13-51:18]. Furthermore, state law expressly authorizes police officers do so when responding to emergency calls. *See* Tex. Transp. Code § 546.001(3); Tex. Transp. Code § 546.002(b)(1). State law also leaves the use of lights and sirens to the discretion of the operator in accordance with the policies of the department. Tex. Transp. Code § 546.003. Officer Cabrera testified that this call was a priority two call for which the standard response is without emergency

equipment [Doc. #9-1 Ex. A at ¶3]. Finally, Tex. Transp. Code § 546.005 only imposes liability for reckless conduct. *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998). Reckless driving consists of driving a vehicle in willful or wanton disregard for the safety of persons or property. *Maspero* 640 S.W.3d at 531 (citing Tex. Transp. Code § 545.401(a)). Plaintiffs' allegations of recklessness are premised solely upon Officer Cabrera's speed [Doc. #1 at ¶5]. The Texas Supreme Court has yet to identify a speed that—by itself—would enable a court to infer recklessness. *See City of Houston v. Green*, 672 S.W.3d 27, 31 (Tex. 2023) (per curiam) (holding there was no evidence to establish the type of high-speed travel that, by itself, could support a finding of reckless disregard). Despite that speed, Officer Cabrera testified that he was operating his vehicle in a manner that was reasonable and prudent [Doc. #9-1 Ex. A at ¶5]. He was obeying traffic signals and came to a complete stop at several red lights [Doc. #9-1 Ex. A at ¶5]. He maintained visibility on the street and the road ahead of him. [Doc. #9-1 Ex. A at ¶5]. And he expressly denied Plaintiffs' counsel's suggestion that he was driving in a reckless manner [Doc. #9-4 at 52:2-23].

### C. Plaintiffs fail to negate application of the TTCA's 9-1-1 exception.

30.     The 9-1-1 exception vitiates the waiver in several situations, including where the claim arises from an action of an employee that involves responding to a 9-1-1 emergency call. Tex. Civ. Prac. & Rem. Code § 101.062(b); *City of Houston*

*v. Denby*, No. 01-21-00422-CV, 2022 WL 3588753, at *3 (Tex. App.—Houston [1st Dist.] Aug. 23, 2022, no pet.). Nothing in this statute requires that the employee or volunteer be acting under the pressure of an emergency response. *Denby*, 2022 WL 3588753 at *5. To avoid the 9-1-1 exception, a plaintiff must plead and prove that their claim: 1) "arises from" an action of an employee; and 2) the action of the employee volunteer violates a statute or ordinance applicable to the action of the employee. *See Denby*, 2022 WL 3588753 at *7.

31.     Plaintiffs assert that Officer Cabrera did not respond to an 9-1-1 call that day at all [Doc. #1 at ¶6]; but in fact, Cabrera testified repeatedly that he was responding to a call that originated from the 9-1-1 system regarding a suspected DWI [Doc. #9-4 at 82:3-9; 88:22-89:13]. And as described in ¶29, *supra*, Officer Cabrera's testimony describes how he complied with applicable law.

**Conclusion**

For the reasons stated above, Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, Houston respectfully requests that this Court grant this motion, and dismiss all of Plaintiffs' claims with prejudice.

Respectfully submitted,
**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Chief, Torts/Civil Rights

Date: January 19, 2024          By:   */s/ Christy L. Martin*
                                       ATTORNEY IN CHARGE
                                       SBN: 24041336
                                       FBN: 754168
                                       832.393.6438
                                       christy.martin@houstontx.gov
                                       CITY OF HOUSTON LEGAL DEPARTMENT
                                       900 Bagby, 4th Floor
                                       Houston, Texas 77002
                                       832.393.6259 Facsimile

                                       ***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:


Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

*/s/Christy L. Martin*
CHRISTY L. MARTIN