United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIET PAYNE, *et al*,  §<br>§<br>Plaintiffs,  §<br>§<br>v.  §<br>§<br>CITY OF HOUSTON, TEXAS, *and*  §<br>CHRISTOPHER CABRERA  §<br>Defendants.  §<br>§ | Civil Action No. H-23-4686 |

## ORDER

Pending before this Court are Defendant Christopher Cabrera's Rule 12(b)(6) Motion to Dismiss (Document No. 8) and Defendant City of Houston's Rule 12(b)(6) Motion to Dismiss (Document No. 9). Having considered the motions, submissions, and appliable law, the Court determines that Defendant Cabrera's motion should be granted and Defendant City of Houston's motion should be denied.

## I. BACKGROUND

This is a civil rights case arising out of a fatal car crash. Charles Payne Sr. (the "Decedent") was killed when his car collided with Defendant Christopher Cabrera's ("Cabrera") police cruiser. Cabrera was acting in the course and scope of his employment as a police officer with the Houston Police Department ("HPD) when he was heading from the Joint Processing Center ("JPC") back to his station to fill out a report. The collision occurred on N. Sheppard Drive when the Decedent

turned across oncoming traffic. Cabrera's police cruiser subsequently hit the Decedent's vehicle. The Decedent's beneficiaries contend that Cabrera was driving recklessly and exceeding the 35-mile-per-hour speed limit when his police cruiser collided with the Decedent's vehicle.

On December 15, 2023, the Decedent's relatives, Plaintiff Harriet Payne, Plaintiff Charles Payne Jr., Plaintiff Cavin Payne, Plaintiff Stephanie Payne, Plaintiff Betty Morrison, Plaintiff Kizz Goins, Plaintiff Katiana Dearborne, and Plaintiff Robert Payne (collectively, "Plaintiffs brought this action against Cabrera and Defendant the City of Houston ("Houston") (collectively, the "Defendants") asserting claims: (1) under 42 U.S.C. § 1983 against Houston for failure to train and supervise and for official policy; (2) under 42 U.S.C. § 1983 against Cabrera for violations of the Fourteenth Amendment; and (3) under the Texas Tort Claim Act ("TTCA") against Houston.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants move to dismiss Plaintiffs' claims contending: (1) Plaintiffs' have pled insufficient facts to causally connect the Decedent's accident with any existing HPD policy; (2) Plaintiffs' TTCA claims fail because Plaintiffs fail to negate the application of the TTCA's emergency and 9-1-1 exceptions; (3) Plaintiffs fail to overcome Houston's governmental immunity as it relates to the TTCA claim; and (4) Plaintiffs fail to allege a clearly established constitutional violation to overcome

Cabrera's qualified immunity. Plaintiffs contend: (1) they adequately plead facts to demonstrate that Houston's policies led to the Decedent's death; (2) Houston's failure to train, supervise, and discipline their officers when they drove at reckless speeds whether or not they were responding to a call, also led to Decedent's death; (3) Plaintiffs have adequately pleaded their TTCA claims; and (4) Cabrera is not entitled to qualified immunity. The Court first addresses Houston's motion to dismiss.

*A.     Houston's Motion to Dismiss*

Houston contends: (1) Plaintiffs fail to plead sufficient facts to support their *Monell* claims; (2) Plaintiffs fail to plead any facts to plausibly infer a Houston policy was the moving force for a constitutional violation; and (3) Plaintiffs cannot maintain their state law claims against Houston. Plaintiffs contend: (1) they have adequately pleaded their *Monell* claims; and (2) their state law claims are not barred. The Court first evaluates Harris County's standing argument.

*2.     Section 1983 Claims*

Houston contends Plaintiffs have not sufficiently pleaded facts showing municipal liability under *Monell* for violation of Section 1983, including claims for municipal liability, failure to train, and failure to supervise. Plaintiffs contend they have sufficiently pleaded facts to show Houston policy was a direct cause of the accident and the deprivation of the Decedent's constitutional rights. Specifically,

4

HPD had a policy allowing officers to drive over the speed limit and in a reckless manner in non-emergency situations. Plaintiffs further contends Houston's liability is evidenced by its failure to discipline or train officers following such alleged incidents. Having considered the motion, submission, and applicable law, the Court determines Houston's motion as to the Plaintiffs' *Monell* claims should be denied. Accordingly, Houston's motion as to Plaintiffs' *Monell* claims is denied. The Court now addresses the Plaintiff's claims under the TTCA.

*2. State Law Claims*

Houston contends the TTCA bars Plaintiffs' state law claims. Houston specifically contends: (1) Plaintiffs' negligence per se claim is barred by the TTCA; (2) Plaintiffs have failed to negate the emergency exception of the TTCA; and (3) that the 9-1-1 exception of the TTCA applies. Plaintiffs contend (1) Houston's negligence *per se* argument was just rejected by a Texas court of appeals; (2) the emergency exception does not apply in this case; and (3) the 9-1-1 exception does not apply because Cabrera was not responding to 9-1-1 calls. Having considered the motion, submissions, and appliable law, the Court finds the motion to dismiss the Plaintiffs' state law claims should be denied. Accordingly, the motion to dismiss Plaintiffs' state law claims is denied. Therefore, Houston's motion to dismiss is denied. The Court now turns to Cabrera's motion to dismiss.

## B. Cabrera's Motion to Dismiss

Cabrera contends that the Plaintiff's claims against him are barred by qualified immunity because they do not plead facts showing that Cabrera violated a clearly established constitutional right of the Decedent. Plaintiffs contend Officer Cabrera was deliberately indifferent in violating Mr. Payne's substantive due process rights under the Fourteenth Amendment.

When government officials are sued for a constitutional violation under Section 1983, they may assert the affirmative defense of qualified immunity. *Porter v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 612 (5th Cir. 2004). "Qualified immunity protects government officials performing discretionary functions from [civil] liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The defense of qualified immunity provides ample room for mistaken judgments on the government actors' part and protects "all but the plainly incompetent or those who knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Once qualified immunity is asserted, therefore, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (*quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Here, the Decedent died after an automobile collision with Cabrera's police cruiser. Cabrera contends' that because the accident occurred in the context of a traffic incident, there is no constitutional right violation. Cabrera further contends that his sworn testimony from a related case shows he was not driving recklessly.[1]

---

[1] The Court notes that the Plaintiffs' object to the sworn testimony being considered. Cabrera contends the testimony is referred to in the Plaintiffs' complaint and is properly considered in a 12(b)(6) motion. in resolving a motion to dismiss, a court may consider documents attached to the Rule 12(b)(6) motion that are referred to in their complaint and are central to their claim. *Sligh v. City of Conroe*, Tex., 87 F.4th 290, 297 (5th Cir. 2023).

The Plaintiffs contend Cabrera's reckless driving violated the Decedent's "fundamental right to life."[2] The Supreme Court has repeatedly held that courts should not evaluate clearly established law at a high level of generality and not as a broad general proposition. *See Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4 (2021); *City of Tahlequah, Oklahoma v. Bond*, 142 S. Ct. 9 (2021); *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500 (2019). Generally, an officer will not be held to violate one's constitutional rights as a result of a motor vehicle accident. *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998) ("[W]e hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressable by an action under § 1983."); *Daniels v. Williams*, 474 U.S. 327, 328 (1986), holding that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

However, the Plaintiffs contend that Cabrera acted recklessly and, therefore, showed a deliberate indifference. The Fifth Circuit has stated that deliberate

---

Accordingly, the Court considers the testimony for the limited purpose of fully understanding the nature of the accident. While the Plaintiffs contend Cabrera was not responding to an emergency and was succeeding the speed limit with no lights or sirens on. Cabrera contends he was still attached to a priority two event (a DWI arrest) and as such had some authority to speed, but none the less was driving in a non-reckless manner.

[2] *Plaintiffs' Response to Defendant Officer Cabrera's Motion to Dismiss*, Document No. 13 at 5.

8

indifference is a high burden. *M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 251–52 (5th Cir. 2018). There is no Fifth Circuit precedent to establish that a police officer involved in a motor vehicle accident result in the deprivation of one's clearly established constitutional rights. The Plaintiffs instead rely on out-of-circuit cases to establish a constitutional right. *Browder v. City of Albuquerque*, 787 F.3d 1076, 1077 (10th Cir. 2015) (holding an officer driving with lights and sirens on and speeding while off duty could not assert qualified immunity) and *Flores v. City of S. Bend*, 997 F.3d 725, 728 (7th Cir. 2021) (an officer speeding and running street lights in a residential neighborhood acted with deliberate indifference and could not assert qualified immunity). These out-of-circuit cases are distinguishable from the instant case where Cabrera was on duty and acting within the scope of his employment as he was attached to police activity. Additionally, here the accident occurred on a six-lane street and not a residential neighborhood, when the Decedent turned into oncoming traffic.[3] While tragic, the file supports that this was a pure accident that occurred while Cabrera was on duty, following procedures, and attached to a police activity. The Plaintiffs produce no controlling authority (or clearly on-point persuasive authority) supporting the contention that "the statutory or constitutional question confronted by [Cabrera] was beyond debate." *Plumhoff*, 572 U.S. at 779.

---

[3] *Original Complaint*, Document No. 1 at 7–8.

Specifically, there is no precedent to suggest that Cabrera who was in the scope of his police duty knowingly violated a constitutional right because of the motor vehicle accident. Accordingly, the Court finds the Plaintiffs have failed to meet their burden to overcome Cabrera's qualified immunity. The Court thus determines Cabrera is entitled to qualified immunity as to the § 1983 claims against him. Accordingly, the motion to dismiss is granted as to the § 1983 claims against Cabrera.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant Christopher Cabrera's Rule 12(b)(6) Motion to Dismiss (Document No. 8) is **GRANTED**. The Court further

**ORDERS** that Defendant City of Houston's Rule 12(b)(6) Motion to Dismiss (Document No. 9) is **DENIED**. The Court further

**ORDERS** that the Plaintiffs' Section 1983 claim against Defendant Cabrera is **DISMISSED**.

SIGNED at Houston, Texas, on this __19__ day of March, 2024.

DAVID HITTNER
United States District Judge