UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE, Plaintiffs | § § § § § § § § | |
| v. | § § | Civil Action No.: 4:23-cv-04686 |
| CITY OF HOUSTON, TEXAS and CHRISTOPHER CABRERA Defendants | § § § § | |

# DEFENDANT CITY OF HOUSTON'S OPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND ALTERNATIVELY MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston ("Houston") files this Motion to Certify the Court's order of March 19, 2024, and in the alternative, Motion for Reconsideration. In support of said motion, Houston would respectfully show the Court as follows:

**Table of Contents**

Table of Contents ...................................................................................................1
Table of Authorities ................................................................................................2
Nature and Stage of Proceedings .............................................................................4
Statement of Issues to Be Ruled on and Standard of Review..................................5
   I. Statement of Issues ........................................................................................5
   II. Standard of Review .......................................................................................5
      A. Legal Standard for § 1292(b) certification ................................................5
      B. Legal standard for reconsideration of interlocutory orders ......................6
Summary of the Argument......................................................................................7

Argument and Authorities..................................................................................8

    I.    The Order involves controlling questions of law concerning the viability of *Monell* claims when the record supports that this was a pure accident. ................8

    II.    There is a "substantial ground for difference of opinion" concerning the legal question. ..................................................................................................10

    III.    Resolution of the *Monell* issues on interlocutory appeal would materially advance the ultimate resolution of this litigation. ...............................................11

    IV.    Interlocutory appeal of the rulings on Plaintiffs' federal claims is necessary to preserve matters being considered by the appellate court, to promote efficiency, and is in the best interest of all parties. ............................................................11

    V.    An interlocutory appeal of Plaintiffs' *Monell* claims would serve the interest of judicial economy. ...................................................................................13

    VI.    In the alternative, the Court should reconsider its order denying Houston's Rule 12(b)(6) on Plaintiffs' *Monell* claim. ..........................................................13

Conclusion ........................................................................................................14

**Table of Authorities**

Cases

*Adhikari v. Daoud & Partners*, No. CIV.A. 09-CV-1237, 2010 WL 744237 (S.D. Tex. Mar. 1, 2010)................................................................................................8
*Alpha v. Hooper*, 440 F.3d 670 (5th Cir. 2006).......................................................10
*Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393 (5th Cir. 2010) .........6
*Cazorla v. Koch Foods of Miss.*, 838 F.3d 540 (5th Cir. 2016) ..............................11
*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ..............................................9, 10
*City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022)...............................12
*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998)..............................................9, 13
*Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989).....................11
*Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863 (S.D. Tex. 2013) .....................10
*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986)....................................................9
*Curley v. Vill. of Suffern*, 268 F.3d 65 (2d Cir. 2001) ............................................10
*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) ............................................10
*Daniels v. City of Dallas*, 272 Fed. Appx. 321 (5th Cir. 2008) (per curiam) (not designated for publication) ...............................................................................9
*Escobar v. Montee*, 895 F.3d 387 (5th Cir. 2018) ..................................................13
*Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036 (N.D. Tex. Oct. 6, 2003) ................................................................................................................................9

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ........................11
*Harriman v. Hancock Cnty.*, 627 F.3d 22 (1st Cir. 2010) .......................................10
*Hicks-Fields v. Harris Cty.*, 860 F.3d 803 (5th Cir. 2017).......................................10
*Johnson v. City of Philadelphia*, 975 F.3d 394 (3d Cir. 2020)................................10
*Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176 (M.D. La. July 14, 2009) .........................................................................................................9
*King v. Hendricks Cnty. Commissioners*, 954 F.3d 981 (7th Cir. 2020).................10
*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990)....................................8
*Land v. Sheriff of Jackson Cnty. Florida*, 85 F.4th 1121 (11th Cir. 2023)...............10
*Lane v. D.C.*, 887 F.3d 480 (D.C. Cir. 2018).............................................................10
*Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712 (S.D. Tex. 2016)......6
*Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232 (10th Cir. 2022) ...........................10
*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) ................................ 4, 7, 10, 13
*Ridgell v. City of Pine Bluff*, 935 F.3d 633 (8th Cir. 2019).....................................10
*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718 (N.D. Tex. 2006) ............................8
*Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, (N.D. Tex. Nov. 18, 2008) ............................................................................................................9
*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995) ............................................5
*Waybright v. Frederick Cnty., MD*, 528 F.3d 199 (4th Cir. 2008)...........................10
*West v. Atkins*, 487 U.S. 42 (1988) ............................................................................9
*Westside Ventures, Ltd., v. Houston Community College System District,* No. 4:19-CV-02928, 2024 WL 1348445, (S.D. Tex. Mar. 29, 2024) .................................6
*White v. Thomas*, 660 F.2d 680 (5th Cir. 1981).........................................................8
*Wooten v. Roach*, 964 F.3d 395 (5th Cir. 2020) ......................................................12
*Yousefian v. City of Glendale*, 779 F.3d 1010 (9th Cir. 2015) ................................10

## Statutes
28 U.S.C. § 1291 ..........................................................................................................5
28 U.S.C. § 1292............................................................................................. 5, 11, 14
42 U.S.C. § 1983 .................................................................................................4, 8, 9
Tex. Civ. Prac. & Rem. Code § 101.055 ..................................................................13
Tex. Civ. Prac. & Rem. Code § 101.062 ..................................................................13
Tex. Civ. Prac. & Rem. Code § 51.014 ....................................................................12

## Rules
Fed. R. App. P. 5..........................................................................................................6
Fed. R. Civ. P. 54 ........................................................................................................6
Fed. R. Civ. P. 59 ........................................................................................................6

Fed. R. Civ. P. 60 ................................................................................................6

**Nature and Stage of Proceedings**

1. This is a car wreck case that came within a month of trial on a negligence theory. Plaintiffs initially filed their suit in Texas state court, asserting state law tort claims Houston pursuant to the Texas Tort Claims Act ("TTCA"). Trial on was set on January 8, 2024.[1] On December 15, 2023, Houston filed its Hybrid Traditional and No Evidence Motion for Final Summary Judgment on Government Immunity [Doc. #9-1]. That same day, Plaintiffs non-suited in state court and re-filed here [Doc. #1]. In addition to the TTCA claims, Plaintiffs' complaint asserted claims pursuant to 42 U.S.C. § 1983 against Houston and Officer Christopher Cabrera ("Officer Cabrera"). *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

2. On January 19, 2024, Houston and Officer Cabrera filed their Motions to Dismiss pursuant to Rule 12(b)(6) [Doc. #8-9]. On March 19, 2024, the Court granted Cabrera's motion, holding "While tragic, the file supports that this was a pure accident that occurred while Cabrera was on duty, following procedures, and attached to a police activity" [Doc. #20 at 9]. Yet the Court denied Houston's motion to dismiss the TTCA negligence claims and Plaintiffs' *Monell* claims [Doc. #20 at 4-5]. On April 8, 2024, Houston filed its notice of appeal as to Plaintiffs' TTCA

---

[1] The Court can take judicial notice of the state court filings, which are available at: https://www.hcdistrictclerk.com/Edocs/Public/CaseDetails.aspx?Get=SvBY0pjtuRIEfu9ewfHNvXnTcEdSh0+3tHC5NC2lXVPVcn4QmmF7BTEXFGKslSvahAgeYiAZXKnHsH4UJE%2fA7IdjjjDOXn9BcPtqSurwS2U%3d

4

claims [Doc. #21]. Houston moves for certification of the Court's denial of Houston's motion to dismiss Plaintiffs' *Monell* claims for interlocutory appellate consideration.

**Statement of Issues to Be Ruled on and Standard of Review**

I. **Statement of Issues**
   1. Whether the Court should certify the March 19, 2024, Order for interlocutory appeal under 28 U.S.C. § 1292, for consideration of the Plaintiffs' *Monell* claims in tandem with the City's interlocutory appeal of the denial of governmental immunity under state law.
   2. In the alternative, whether Court should reconsider its order denying Houston's motion to dismiss Plaintiffs' *Monell* claim because without a predicate constitutional violation, no *Monell* claim can survive a motion to dismiss.

II. **Standard of Review**

   A. **Legal Standard for § 1292(b) certification**

   3. The Court's approval is required for the City to appeal the denial of its motion to dismiss the Plaintiffs' federal claims for lack of subject matter jurisdiction, to the extent the Court's Order is neither a "final decision" under 28 U.S.C. § 1291, nor an order for which Congress has specifically authorized an interlocutory appeal. 28 U.S.C. § 1292(a). A district court may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's

discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 Charles Alan Wright, Et Al., Federal Practice & Procedure § 3929 (3d ed. 2017) explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility. Even when a district court certifies an appeal under section § 1292(b), the circuit court must still determine that the certification requirements have been met. *See Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393 (5th Cir. 2010); Fed. R. App. P. 5.

### B. Legal standard for reconsideration of interlocutory orders

4. Although the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, courts address such motions under Rules 54(b) for interlocutory orders, and under Rules 59 and 60 for final judgments. *Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712, 714 (S.D. Tex. 2016). A ruling denying a dispositive motion is an interlocutory judgment under Rule 54(b). *Id.* Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and inabilities." *Id.* (quoting Fed. R. Civ. P. 54(b)). The standard of review for reconsideration of interlocutory orders is "as justice requires." *Id.* Under this standard, a trial court is free to reconsider and reverse its decision for any reason it

deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Westside Ventures, Ltd., v. Houston Community College System District,* No. 4:19-CV-02928, 2024 WL 1348445, at *2 (S.D. Tex. Mar. 29, 2024). A district court has discretion to deny motions for reconsideration and only "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Id.*

**Summary of the Argument**

5. On March 19, 2024, the Court dismissed Plaintiffs' claims against Officer Cabrera, holding "While tragic, the file supports that this was a pure accident that occurred while Cabrera was on duty, following procedures, and attached to a police activity" [Doc. #20 at 9]. A car accident causing unintended loss of life does not allege a constitutional violation; without such an underlying constitutional obligation, Plaintiffs' *Monell* claim cannot survive.

6. Yet the Court denied Houston's motion to dismiss Plaintiffs' *Monell* claims and TTCA claims. Denial of Houston's motion to dismiss the TTCA claims gives Houston an interlocutory appeal as a matter of right. Permitting appeal of the *Monell* issues at the same time would serve judicial economy and materially advance the ultimate termination of the litigation.

7. Alternatively, as the Court has already held that the file supports that this was a pure accident—for which there can be no constitutional

7

implications—the Court should reconsider its order and grant Houston's motion to dismiss Plaintiffs' *Monell* claims.

**Argument and Authorities**

    **I.    The Order involves controlling questions of law concerning the viability of *Monell* claims when the record supports that this was a pure accident.**

    8.    "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling', it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." *See e.g., Adhikari v. Daoud & Partners*, No. CIV.A. 09-CV-1237, 2010 WL 744237, at *2 (S.D. Tex. Mar. 1, 2010) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Thus, "whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Adhikari*, 2010 WL 744237, at *2. A key concern is whether permitting an interlocutory appeal will speed up the litigation. *Id.*

    9.    Here, the March 19 order involves a controlling question of law—whether Plaintiffs' *Monell* claims can survive when the Court held that "While tragic, the file supports that this was a pure accident that occurred while Cabrera was on duty, following procedures, and attached to a police activity" [Doc. #20 at 9].

10. Section 1983 neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). It affords a remedy only to those who suffer, as a result of state action, deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Id.* (citing 42 U.S.C.A. § 1983).

11. Allegations stemming from involvement in a car accident causing unintended loss of or injury to life or property fail to allege a deprivation of a right secured by the Constitution and laws of the United States. *See e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998); *Daniels v. City of Dallas*, 272 Fed. Appx. 321, 324 (5th Cir. 2008) (per curiam) (not designated for publication); *Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir. 1986); *Bell v. Hicks*, No. CIV.A. H-12-1979, 2012 WL 3276728, at *2 (S.D. Tex. Aug. 9, 2012); *Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036, at *2 (N.D. Tex. Oct. 6, 2003); *Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176, at *1 (M.D. La. July 14, 2009). Absent underlying constitutional violation, there can be no municipal liability. *Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, at *11 (N.D. Tex. Nov. 18, 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Hence, reversal of the order on this point would terminate Plaintiffs' *Monell* claims.

## II. There is a "substantial ground for difference of opinion" concerning the legal question.

12. Courts find a substantial ground for difference of opinion if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868-69 (S.D. Tex. 2013). This standard is met here in at least two ways.

13. First, the denial of Houston's motion to dismiss Plaintiffs' *Monell* claim appears contrary U.S. Supreme Court and circuit court precedent all recognizing that a *Monell* claim generally cannot survive in the absence of an underlying constitutional violation. *See Heller*, 475 U.S. at 799; *Harriman v. Hancock Cnty.*, 627 F.3d 22, 34 (1st Cir. 2010); *Curley v. Vill. of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001); *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020); *Waybright v. Frederick Cnty., MD*, 528 F.3d 199, 209 (4th Cir. 2008); *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017); *Alpha v. Hooper*, 440 F.3d 670, 672 (5th Cir. 2006); *D'Ambrosio v. Marino*, 747 F.3d 378, 391 (6th Cir. 2014); *King v. Hendricks Cnty. Commissioners*, 954 F.3d 981, 987 (7th Cir. 2020); *Ridgell v. City of Pine Bluff*, 935 F.3d 633, 636 (8th Cir. 2019); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015); *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232,

1240 (10th Cir. 2022); *Land v. Sheriff of Jackson Cnty. Florida*, 85 F.4th 1121, 1129 (11th Cir. 2023); *Lane v. D.C.*, 887 F.3d 480, 488 (D.C. Cir. 2018).

14. Second, as both the Court and the Plaintiffs noted, this case contains novel issues that the Fifth Circuit and no district courts within the circuit have previously addressed [Doc. #20 at 10 ("[T]here is no precedent to suggest that Cabrera who was in the scope of his police duty knowingly violated a constitutional right because of the motor vehicle accident."); Doc. #12 at ¶13 ("No court within the Fifth Circuit has addressed a similar case…")].

### III. Resolution of the *Monell* issues on interlocutory appeal would materially advance the ultimate resolution of this litigation.

15. An immediate interlocutory appeal under § 1292(b) would also materially advance this litigation in at least two ways: (1) it would eliminate the need for further proceedings in this Court, while potentially enabling all parties of the case to avoid additional expensive discovery; and 2) it would relieve the parties from briefing the merits of the plaintiffs' claims on post-trial appeal. *See Cazorla v. Koch Foods of Miss.*, 838 F.3d 540, 548 (5th Cir. 2016) (holding the avoidance of a post-trial appeal is sufficient to satisfy the third prong of § 1292(b)).

### IV. Interlocutory appeal of the rulings on Plaintiffs' federal claims is necessary to preserve matters being considered by the appellate court, to promote efficiency, and is in the best interest of all parties.

16. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district

of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "[T]he district court loses jurisdiction over all matters which are validly on appeal." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989). "A 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Dayton Independent School District v. U.S. Mineral Products Co.*, 906 (quoting *Griggs supra*). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id.* (citing *Coastal Corp. supra*). "A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Id. See also Wooten v. Roach*, 964 F.3d 395, 403-04 (5th Cir. 2020).

17. Houston is afforded an interlocutory appeal of this Court's denial of its motion to dismiss Plaintiffs' TTCA claims. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). Houston filed its notice of appeal on April 8, 2024 [Doc. #21]. All proceedings are automatically stayed pending resolution of that appeal. Tex. Civ. Prac. & Rem. Code §51.014(b). Conjunctive review is necessary to ensure meaningful consideration of the issues on appeal, to avoid altering matters being considered by the appellate court, and in the interest of efficiency. More specifically, Plaintiffs have advocated that substantive due process is implicated when an officer operates a motor vehicle with deliberate indifference [Doc. 12 at

¶12-15]. Under the TTCA's emergency and 9-1-1 exceptions, Plaintiffs must also plead facts from which a court could infer "conscious indifference or reckless disregard". *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); Tex. Civ. Prac. & Rem. Code § 101.055; Tex. Civ. Prac. & Rem. Code § 101.062. If the Fifth Circuit determines that Plaintiffs have failed to plausibly plead facts that would suggest conscious indifference or recklessness, such a finding would not only dispose of Plaintiffs' TTCA claims, but also Plaintiffs' substantive due process claims under the standard that Plaintiffs suggest governs their substantive due process claim. Accordingly, permitting appeal of the Court's order pertaining to the Plaintiffs' *Monell* claims will prevent waste of resources of the parties and the Court, inconsistent outcomes, or overlapping exercise of jurisdiction by this Court and the Fifth Circuit.

### V. An interlocutory appeal of Plaintiffs' *Monell* claims would serve the interest of judicial economy.

18. An immediate appeal of this Court's Order will serve the interest of judicial economy as well and will only advance the appropriate resolution of Plaintiffs' claims, while saving all parties otherwise avoidable expense and the Court time. *Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018).

### VI. In the alternative, the Court should reconsider its order denying Houston's Rule 12(b)(6) on Plaintiffs' *Monell* claim.

19. Given the Court's holding that "While tragic, the file supports that this was a pure accident that occurred while Cabrera was on duty, following procedures,

13

and attached to a police activity" [Doc. #20 at 9], the Court should reconsider its denial of Houston's Rule 12(b)(6) on Plaintiffs' *Monell* claims. A "pure accident" does not have constitutional implications *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848–49 (1998) ("We have accordingly rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). In the interests of justice, the Court should reconsider its Order on this point.

**Conclusion**

For the reasons stated above, Houston respectfully requests that this Court certify the March 19, 2024, Order for interlocutory appeal under 28 U.S.C. § 1292, for consideration of the Plaintiffs' *Monell* claims in tandem with the City's interlocutory appeal of the denial of governmental immunity under state law. In the alternative, Houston respectfully requests that the Court reconsider its Order denying its motion to dismiss Plaintiffs' *Monell* claims.

                                                Respectfully submitted,

                                                **ARTURO G. MICHEL**
                                                **City Attorney**

Date: April 8, 2024            By:  */s/ Christy L. Martin*
                                                **CHRISTY L. MARTIN**
                                                Chief, Torts/Civil Rights
                                                ATTORNEY IN CHARGE
                                                SBN: 24041336

FBN: 754168
832.393.6438
christy.martin@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

*Attorneys for Defendants*

### CERTIFICATE OF CONFERENCE

I hereby certify that on March 25, 2024, I conferred with counsel for plaintiffs who indicated they are opposed to the relief requested.

*/s/ Christy L. Martin*
CHRISTY L. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:


Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

                                                */s/ Christy L. Martin*
                                                CHRISTY L. MARTIN