UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE, Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON, TEXAS and CHRISTOPHER CABRERA Defendants | Civil Action No.: 4:23-cv-04686 |

# DEFENDANT CITY OF HOUSTON'S MOTION TO STAY TRIAL PENDING RESOLUTION OF INTERLOCUTORY APPEAL OF TTCA CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston, Texas, moves for an order staying trial pending resolution of its interlocutory appeal pertaining to Plaintiffs' state law claims as follows:

**Argument and Authorities**

1. On October 29, 2025, Defendant City of Houston filed its notice of appeal to the United States Court of Appeals for the Fifth Circuit from the Court's order denying Houston's Rule 56 Motion for Summary Judgment based, in part, on governmental immunity. This order is an immediately appealable final decision under 28 U.S.C. §1291. *Mitchell v. Forsyth*, 427 U.S. 511, 527-30 (1985); *Powers v. Northside Indep. Sch. Dist.*, 662 Fed. Appx. 306, 308 (5th Cir. 2016) (recognizing

1

interlocutory appeal jurisdiction because governmental immunity is complete immunity from suit); *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013) (same). Under Texas law, trial is automatically stayed pending resolution of its appeal. Tex. Civ. Prac. & Rem. Code § 51.014. However, to the extent this automatic stay is inapplicable in federal proceedings, Houston respectfully moves for an order staying trial pending resolution of this appeal.

**This Court should grant Houston's motion to stay pending its appeal.**

2.  The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 143 S. Ct. 1915, 1919, 216 L. Ed. 2d 671 (2023); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982). "[T]he district court loses jurisdiction over all matters which are validly on appeal." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989). "A 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id.* (citing *Coastal Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989)).

"A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Id*. *See also Wooten v. Roach*, 964 F.3d 395, 403-04 (5th Cir. 2020). This Court has "rigorously follow[ed]" this, explaining that courts are "bound by our well-established rulings that the district court loses jurisdiction over all matters which are validly on appeal." *Id.* (citing *Coastal Corp.*, *supra*, 869 F.2d at 820-21 and cases cited therein; *Griggs*, *supra*, 459 U.S. 56, 103 S. Ct. 400).

3. Houston respectfully request that the Court stay this litigation in its entirety pending the resolution of its interlocutory appeals on the issue of governmental immunity. Absent a stay, Houston's immunity from suit will effectively be lost pending resolution of the interlocutory appeals, because the Houston will be required to defend the allegations against it and participate in pretrial and trial of this matter. *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (recognizing that immunity from suit is effectively lost if defendant is forced incur burden and expense of discovery and trial).

4. Additionally, district courts regularly stay trials and other proceedings pending the resolution of interlocutory appeals. *See, e.g., U.S. v. Tex. Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999); *Petta v. Rivera*, 143 F.3d 895, 898 (5th Cir. 1998); *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 467 (5th Cir. 2014). One of the purposes of interlocutory appeal is to allow the parties to resolve contested issues

at an early stage in the litigation without the expenditure of resources that would necessarily attend a trial. *See Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993).

5. Courts consider four factors when deciding to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. Appx. 710, 712 (5th Cir. 2015).

I. **Houston is likely to succeed on the merits on appeal.**

6. Houston's motion for summary judgment, among other things, challenged Plaintiffs' ability to establish causation, based on very recent, squarely-analogous authority from the Texas Supreme Court. *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025). In addition, Houston argued that Plaintiffs' TTCA claim is barred by the TTCA's election of remedies scheme, to which Plaintiffs presented no applicable argument or authorities. Upon de novo review, Houston's arguments are likely to succeed.

II. **Houston will be irreparably injured absent a stay.**

7. Houston's immunity from suit will effectively be lost if Houston is required to go to trial while its appeal is pending. Furthermore, permitting the

*Monell* theories to proceed to trial when the causation issues for both the TTCA and *Monell* theories are intertwined violates the *Griggs* principle that already requires an automatic stay of district court proceedings that relate to any aspect of the case involved in the appeal. *See Coinbase*, 599 U.S. at 744.

### III. Issuance of a stay will not substantially injure Plaintiffs.

8. Staying trial pending appeal will similarly prevent Plaintiffs from incurring the time and expense of preparing for trial pending the interlocutory appeal. Plaintiffs will not be substantially injured in any other respect.

### IV. The public interest lies in staying proceedings in the district court pending appeal.

9. Because the defendant is a governmental unit, all resources that would be expended in trial, settling the case, and/or paying a judgment are public funds. Indeed, the primary reason governmental immunity is maintained—well beyond its origins of "the king can do no wrong"—is to conserve the public fisc. *Univ. of the Incarnate Word v. Redus*, 602 S.W.3d 398, 404 (Tex. 2020). Hence, the public interest is best served in staying all proceedings pending resolution of Houston's interlocutory appeal regarding governmental immunity.

**Conclusion**

For the reasons stated above, Defendant respectfully requests an order staying trial pending interlocutory appeal.

        Respectfully submitted,

        **ARTURO G. MICHEL**
        **City Attorney**

Date: October 29, 2025   By:   */s/ Christy L. Martin*
        **Christy L. Martin**
        Chief, Torts/Civil Rights
        ATTORNEY IN CHARGE
        SBN: 24041336
        FBN: 754168
        832.393.6438
        christy.martin@houstontx.gov
        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 29, 2025, I conferred with counsel for Plaintiffs regarding this motion. Plaintiffs are opposed.

        */s/ Christy L. Martin*
        CHRISTY L. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

/s/ *Christy L. Martin*
CHRISTY L. MARTIN