UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE, Plaintiffs | § § § § § § § | |
| v. | § § | Civil Action No.: 4:23-cv-04686 |
| CITY OF HOUSTON, TEXAS and CHRISTOPHER CABRERA Defendants | § § § § | |

# DEFENDANT CITY OF HOUSTON'S OPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston ("Houston") files this Motion to Certify the Court's order of October 28, 2025 as follows:

**Table of Contents**

Table of Contents ................................................................................................. 1
Table of Authorities ............................................................................................. 2
Nature and Stage of Proceedings ......................................................................... 3
Statement of Issues to Be Ruled on and Standard of Review .............................. 4
   I.   Statement of Issues ..................................................................................... 4
   II.   Standard of Review .................................................................................... 4
      A.   Legal Standard for § 1292(b) certification .............................................. 4
Summary of the Argument .................................................................................. 5
Argument and Authorities ................................................................................... 6
   I.   The Order involves controlling questions of law concerning the viability of *Monell* claims when the record supports that Charles Payne caused the accident. 6

    II.      There is a "substantial ground for difference of opinion" concerning the legal question. ...................................................................................................7

    III.    Resolution of the *Monell* issues on interlocutory appeal would materially advance the ultimate resolution of this litigation. ..............................................9

    IV.    Interlocutory appeal of the rulings on Plaintiffs' federal claims is necessary to preserve matters being considered by the appellate court, to promote efficiency, and is in the best interest of all parties. ............................................................10

    V.     An interlocutory appeal of Plaintiffs' *Monell* claims would serve the interest of judicial economy. .................................................................................................11

Conclusion ................................................................................................................11

    Certificate of conference ..................................................................................12

**Table of Authorities**

Cases

*Adhikari v. Daoud & Partners*, No. CIV.A. 09-CV-1237, 2010 WL 744237 (S.D. Tex. Mar. 1, 2010) ..............................................................................................8
*Alpha v. Hooper*, 440 F.3d 670 (5th Cir. 2006) ......................................................10
*Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393 (5th Cir. 2010) .........6
*Cazorla v. Koch Foods of Miss.*, 838 F.3d 540 (5th Cir. 2016) ..............................11
*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ............................................9, 10
*City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022) ...............................12
*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) .............................................9, 13
*Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817 (5th Cir. 1989) .....................11
*Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863 (S.D. Tex. 2013) .....................10
*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) ...................................................9
*Curley v. Vill. of Suffern*, 268 F.3d 65 (2d Cir. 2001) ............................................10
*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) ...........................................10
*Daniels v. City of Dallas*, 272 Fed. Appx. 321 (5th Cir. 2008) (per curiam) (not designated for publication) ....................................................................................9
*Escobar v. Montee*, 895 F.3d 387 (5th Cir. 2018) ..................................................13
*Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036 (N.D. Tex. Oct. 6, 2003) ................................................................................................................................9
*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) .........................11
*Harriman v. Hancock Cnty.*, 627 F.3d 22 (1st Cir. 2010) ......................................10
*Hicks-Fields v. Harris Cty.*, 860 F.3d 803 (5th Cir. 2017) .....................................10
*Johnson v. City of Philadelphia*, 975 F.3d 394 (3d Cir. 2020) ..............................10

*Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176 (M.D. La. July 14, 2009) ...................................................................................................9
*King v. Hendricks Cnty. Commissioners*, 954 F.3d 981 (7th Cir. 2020).................10
*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21 (2d Cir. 1990)..............................8
*Land v. Sheriff of Jackson Cnty. Florida*, 85 F.4th 1121 (11th Cir. 2023).............10
*Lane v. D.C.*, 887 F.3d 480 (D.C. Cir. 2018)...........................................................10
*Lexington Ins. Co. v. ACE Am. Ins. Co.*, 192 F. Supp. 3d 712 (S.D. Tex. 2016)......6
*Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232 (10th Cir. 2022) ...........................10
*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) ................................ 4, 7, 10, 13
*Ridgell v. City of Pine Bluff*, 935 F.3d 633 (8th Cir. 2019) .....................................10
*Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718 (N.D. Tex. 2006) ............................8
*Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, (N.D. Tex. Nov. 18, 2008) ....................................................................................................9
*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995) ............................................5
*Waybright v. Frederick Cnty., MD*, 528 F.3d 199 (4th Cir. 2008) ..........................10
*West v. Atkins*, 487 U.S. 42 (1988) ...........................................................................9
*Westside Ventures, Ltd., v. Houston Community College System District,* No. 4:19-CV-02928, 2024 WL 1348445, (S.D. Tex. Mar. 29, 2024) .................................6
*White v. Thomas*, 660 F.2d 680 (5th Cir. 1981) ........................................................8
*Wooten v. Roach*, 964 F.3d 395 (5th Cir. 2020) ......................................................12
*Yousefian v. City of Glendale*, 779 F.3d 1010 (9th Cir. 2015) ................................10

## Statutes
28 U.S.C. § 1291 .........................................................................................................5
28 U.S.C. § 1292 ............................................................................................ 5, 11, 14
42 U.S.C. § 1983 ............................................................................................... 4, 8, 9
Tex. Civ. Prac. & Rem. Code § 101.055 .................................................................13
Tex. Civ. Prac. & Rem. Code § 101.062 .................................................................13
Tex. Civ. Prac. & Rem. Code § 51.014 ...................................................................12

## Rules
Fed. R. App. P. 5 ........................................................................................................6
Fed. R. Civ. P. 54 .......................................................................................................6
Fed. R. Civ. P. 59 .......................................................................................................6
Fed. R. Civ. P. 60 .......................................................................................................6

**Nature and Stage of Proceedings**

       1.     This is a car wreck case that came within a month of trial in Texas state

court. On December 15, 2023, Houston filed its Hybrid Traditional and No Evidence Motion for Final Summary Judgment on Government Immunity. That same day, Plaintiffs non-suited in state court and re-filed here against both Houston and Officer Cabrera [Doc. #1]. On March 19, 2024, the Court dismissed Plaintiffs' claims against Cabrera [Doc. #20]. The only remaining claims are Plaintiffs' TTCA claim and *Monell* theories for: a) a policy and practices of reckless driving; b) two-hour charge policy which requires officers to drive recklessly; c) not disciplining or overseeing the driving of any HPD officer; d) a policy permitting and encouraging officers to operate with complete disregard to traffic laws. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

2. On October 28, 2025, the Court denied Houston's Rule 56 Motion for Summary Judgment as to both the TTCA claim and *Monell* theories [Doc. #84]. Houston moves for certification of the Court's denial of Houston's motion to dismiss Plaintiffs' *Monell* claims for interlocutory appellate consideration.

**Statement of Issues to Be Ruled on and Standard of Review**

I. **Statement of Issues**
   1. Whether the Court should certify the March 19, 2024, Order for interlocutory appeal under 28 U.S.C. § 1292, for consideration of the Plaintiffs' *Monell* claims in tandem with the City's interlocutory appeal of the denial of governmental immunity under state law.

II. **Standard of Review**

   A. **Legal Standard for § 1292(b) certification**

   3. The Court's approval is required for the City to appeal the denial of its motion to dismiss the Plaintiffs' federal claims for lack of subject matter jurisdiction,

to the extent the Court's Order is neither a "final decision" under 28 U.S.C. § 1291, nor an order for which Congress has specifically authorized an interlocutory appeal. 28 U.S.C. § 1292(a). A district court may approve the interlocutory appeal of an order not otherwise appealable when (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal question, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); 16 Charles Alan Wright, Et Al., Federal Practice & Procedure § 3929 (3d ed. 2017) explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility. Even when a district court certifies an appeal under section § 1292(b), the circuit court must still determine that the certification requirements have been met. *See Castellanos-Contreras v. Decatur Hotels LLC*, 622 F.3d 393 (5th Cir. 2010); Fed. R. App. P. 5.

**Summary of the Argument**

    4.  Critical to Plaintiffs' TTCA and *Monell* claims is causation. Houston's Rule 56 motion challenged Plaintiffs' ability to establish causation TTCA or *Monell* theories where Charles Payne himself caused the accident by making an illegal left turn while impaired by a heart attack, diabetic emergency and marijuana

[Doc. #64]. Denial of Houston's Motion for Summary Judgment on Plaintiffs' TTCA claim gives Houston an interlocutory appeal as a matter of right. Permitting appeal of the *Monell* issues at the same time would serve judicial economy and materially advance the ultimate termination of the litigation.

**Argument and Authorities**

    **I.    The Order involves controlling questions of law concerning the viability of *Monell* claims when the record supports that Charles Payne caused the accident.**

    5.    "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling', it is clear that a question of law is 'controlling' if reversal of the [order] would terminate the action." *See e.g., Adhikari v. Daoud & Partners*, No. CIV.A. 09-CV-1237, 2010 WL 744237, at *2 (S.D. Tex. Mar. 1, 2010) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). "On the other hand, an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006). Thus, "whether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Adhikari*, 2010 WL 744237, at *2. A key concern is whether permitting an interlocutory appeal will speed up the litigation. *Id.*

    6.    Here, the October 28, 2025, order involves a controlling question of law—whether Charles Payne caused the accident. If the Court of Appeals holds that

the proximate cause of the accident for TTCA purposes was Charles Payne's conduct, then Plaintiffs will similarly be unable to establish *Monell* causation. Indeed, the causal connection required for *Monell* liability is more demanding and requires Plaintiffs to establish a direct causal link between the policy and the constitutional deprivation that is more than a mere "but for" coupling between cause and effect. *Mansfield v. Williamson Cnty.*, 30 F.4th 276, 279 (5th Cir. 2022). Hence, reversal of the order on this point would terminate Plaintiffs' *Monell* claims.

## II. There is a "substantial ground for difference of opinion" concerning the legal question.

7. Courts find a substantial ground for difference of opinion if a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. *Coates v. Brazoria Cty. Tex.*, 919 F. Supp. 2d 863, 868-69 (S.D. Tex. 2013). This standard is met here in at least three ways.

8. First, the denial of Houston's motion appears contrary to the rulings of the Courts of Appeals that *Monell* liability requires stringent standards to establish a pervasive pattern, deliberate indifference, and causation. *See e.g.*, *Sanchez v. Young County, Tex.*, 956 F.3d 785, 793 (5th Cir. 2020); *Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (three arrests over three and a half years

insufficient for "pattern"); *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (holding two reports of violations of a policy in four years in Houston insufficient); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851–52 (5th Cir. 2009) (27 complaints of excessive force over three years in department with more than 1,500 insufficient); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding eleven incidents in one of the Nation's largest cities and police forces insufficient); *Mansfield*, 30 F.4th at 280 ("We cannot conclude that the closed-file policy caused the prosecutors to lie. Mansfield argues that the closed-file policy enabled the prosecutors to lie, but a system that fails to prevent lying is not necessarily one that causes lying. Mansfield thus failed to create a triable issue on the causal connection demanded by *Monell*."); *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (recognizing that the causal link moving force requirement and the degree of culpability deliberate indifference requirement must not be diluted, for where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability).

9. Second, the denial of Houston's Motion for Summary Judgment as to Plaintiffs' *Monell* theories is contrary U.S. Supreme Court and circuit court precedent all recognizing that a *Monell* claim generally cannot survive in the absence of an underlying constitutional violation. *See Heller*, 475 U.S. at 799; *Harriman v.*

*Hancock Cnty.*, 627 F.3d 22, 34 (1st Cir. 2010); *Curley v. Vill. of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001); *Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020); *Waybright v. Frederick Cnty., MD*, 528 F.3d 199, 209 (4th Cir. 2008); *Hicks-Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017); *Alpha v. Hooper*, 440 F.3d 670, 672 (5th Cir. 2006); *D'Ambrosio v. Marino*, 747 F.3d 378, 391 (6th Cir. 2014); *King v. Hendricks Cnty. Commissioners*, 954 F.3d 981, 987 (7th Cir. 2020); *Ridgell v. City of Pine Bluff*, 935 F.3d 633, 636 (8th Cir. 2019); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015); *Mahdi v. Salt Lake Police Dep't*, 54 F.4th 1232, 1240 (10th Cir. 2022); *Land v. Sheriff of Jackson Cnty. Florida*, 85 F.4th 1121, 1129 (11th Cir. 2023); *Lane v. D.C.*, 887 F.3d 480, 488 (D.C. Cir. 2018).

10. Finally, as both the Court and the Plaintiffs noted, this case contains novel issues that the Fifth Circuit and no district courts within the circuit have previously addressed [Doc. #20 at 10 ("[T]here is no precedent to suggest that Cabrera who was in the scope of his police duty knowingly violated a constitutional right because of the motor vehicle accident."); Doc. #12 at ¶13 ("No court within the Fifth Circuit has addressed a similar case…")].

### III. Resolution of the *Monell* issues on interlocutory appeal would materially advance the ultimate resolution of this litigation.

11. An immediate interlocutory appeal under § 1292(b) would also materially advance this litigation in at least two ways: (1) it would eliminate the need for further proceedings in this Court, while potentially enabling all parties of the case

9

to avoid the expense of trial; and 2) it would relieve the parties from briefing the merits of the plaintiffs' claims on post-trial appeal. *See Cazorla v. Koch Foods of Miss.*, 838 F.3d 540, 548 (5th Cir. 2016) (holding the avoidance of a post-trial appeal is sufficient to satisfy the third prong of § 1292(b)).

> **IV. Interlocutory appeal of the rulings on Plaintiffs' federal claims is necessary to preserve matters being considered by the appellate court, to promote efficiency, and is in the best interest of all parties.**

12. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "[T]he district court loses jurisdiction over all matters which are validly on appeal." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989). "A 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Dayton Independent School District v. U.S. Mineral Products Co.*, 906 (quoting *Griggs supra*). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id.* (citing *Coastal Corp. supra*). "A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Id.* *See also Wooten v. Roach*, 964 F.3d 395, 403-04 (5th Cir. 2020).

13. Houston is afforded an interlocutory appeal of this Court's denial of its

Motio for Summary Judgment as to Plaintiffs' TTCA claims. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). Houston filed its notice of appeal on October 29, 2025. All proceedings are automatically stayed pending resolution of that appeal. Tex. Civ. Prac. & Rem. Code §51.014(b). Conjunctive review is necessary to ensure meaningful consideration of the issues on appeal, to avoid altering matters being considered by the appellate court, and in the interest of efficiency. More specifically, if the court of appeals finds that the sole proximate cause of the accident was Charles Payne himself, such a finding would not only dispose of Plaintiffs' TTCA claims, but also Plaintiffs' *Monell* theories. Accordingly, permitting appeal of the Court's order pertaining to the Plaintiffs' *Monell* theories will prevent waste of resources of the parties and the Court, inconsistent outcomes, or overlapping exercise of jurisdiction by this Court and the Fifth Circuit.

### V. An interlocutory appeal of Plaintiffs' *Monell* claims would serve the interest of judicial economy.

14. An immediate appeal of this Court's Order will serve the interest of judicial economy as well and will only advance the appropriate resolution of Plaintiffs' claims, while saving all parties otherwise avoidable expense and the Court time. *Escobar v. Montee*, 895 F.3d 387, 391 (5th Cir. 2018).

**Conclusion**

For the reasons stated above, Houston respectfully requests that this Court certify the October 28, 2025, Order for interlocutory appeal under 28 U.S.C. § 1292, for

consideration of the Plaintiffs' *Monell* claims in tandem with the City's interlocutory appeal of the denial of governmental immunity under state law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

Date: October 29, 2025     By:     */s/ Christy L. Martin*
**Christy L. Martin**
Chief, Torts/Civil Rights
ATTORNEY IN CHARGE
SBN: 24041336
FBN: 754168
832.393.6438
christy.martin@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
***Attorneys for Defendant***

## Certificate of conference

I hereby certify that on October 29, 2025, I conferred with counsel for plaintiffs who indicated they are opposed to the relief requested.

*/s/ Christy L. Martin*
CHRISTY L. MARTIN

# CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:


Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

>　　　　　　　　　　　*/s/ Christy L. Martin*
>　　　　　　　　　　　CHRISTY L. MARTIN