UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE, Plaintiffs<br><br>v.<br><br>CITY OF HOUSTON, TEXAS and CHRISTOPHER CABRERA<br>Defendants | § § § § § § § § § § § § § | Civil Action No.: 4:23-cv-04686 |

# DEFENDANT CITY OF HOUSTON'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Houston ("Houston") file this Motion for Summary for Judgment as a Matter of Law under Rule 50 of the Federal Rules of Civil Procedure as follows:

**Introduction**

1. Plaintiffs failed to prove their *Monell* claims because:

- There is no underlying constitutional violation
- There is no pattern of other instances, and thus no "unofficial custom" nor evidence that any policy maker was "deliberately indifferent" to any policy, custom, training deficiency, supervision deficiency, or disciplinary deficiency
- Plaintiffs have presented no evidence connecting any policy to Houston's policy maker
- Plaintiffs cannot meet "moving force" causation
- Plaintiffs have presented no evidence that state-mandated training is insufficient

1

**Argument and Authorities**

1. Plaintiffs must prove "three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (*citing Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). They have not met this burden.

**I.   Standard of Review**

2. Judgment as a matter of law is appropriate if there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on the issues on which it prevailed. Fed. R. Civ. P. 50(a).  Under Rule 50, a court should render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148–51, (2000).  The standard for granting summary judgment "mirrors" the standard for judgment as a matter of law. *Id.*  The court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. *Id.* Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.*

**II.   There is no underlying constitutional violation.**

    **A. Plaintiffs presented no evidence that meets the high "shocks the conscience" standard for a substantive due process violation**

3. For a Fourteenth Amendment substantive due process violation to have occurred, the actions must "shock the conscience". *Estate of Parker v. Mississippi Dep't of Pub. Safety*, 140 F.4th 226, 244–45 (5th Cir. 2025). This is a deliberately high bar. *Id.* Only the most egregious official conduct can be said to be arbitrary in the constitutional sense. *Id.* Conduct shocks the conscience only when it is so brutal and offensive that it did not comport with traditional ideas of fair play and decency. *Id.* Even precipitate recklessness fails to inch close enough to harmful purpose to spark the shock that implicates constitutional protections; **a purpose to cause the harm is needed**. *Id.* (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)) (emphasis added).

4. Viewed in the light most favorable to Plaintiffs, the evidence does not establish a purpose to cause harm:

- Mr. Darcy admitted that Officer Cabrera did not intentionally direct his vehicle into Mr. Payne.
- Plaintiffs adduced no evidence that Officer Cabrera intended to cause harm.

**B. Even if the "purpose to cause harm" standard did not apply, Plaintiffs presented no evidence that—at the time a collision was imminent—Officer Cabrera acted with deliberate indifference.**

5. Plaintiffs have argued that the standard for "shocks the conscience" in circumstances other than police pursuits is lower—that they need only establish "deliberate indifference". In an unpublished decision, the Fifth Circuit previously declined to decide which standard should apply in accident cases, holding that even

3

under the lower standard, there was no constitutional violation. *Daniels v. City of Dallas*, 272 Fed. Appx. 321, 324 (5th Cir. 2008) (per curiam) (not designated for publication). Under *Daniels*, a plaintiff must show that the official knew an accident was imminent but consciously and culpably refused to prevent it. *See id*. It is insufficient to show that a public official acted in the face of a recognizable but generic risk to the public at large. *Id.*

6. Viewed in Plaintiffs' favor, Plaintiffs presented no evidence to meet this standard:

- Mr. Irwin testified that Officer Cabrera initially steered right, but then he takes the steering out as if he's changed his mind, he's realized he's not going to make it and tried to go behind the Cadillac instead.
- Mr. Darcy testified that when Mr. Payne pulled out, Officer Cabrera braked and that putting on the break was not a willful and wonton disregard for human life.
- Mr. Darcy also testified that Officer Cabrera swerved in response to Charles Payne pulling out in front of him and swerving did not demonstrate a willful or wonton disregard for human life.
- Mr. Darcy suggested that traveling 20mph over the speed limit was non-reckless when officers are responding to calls.
- It is unrefuted that Officer Cabrera was assigned to a Code 2, which is categorized as an emergency call.
- Plaintiffs presented no evidence to counter Captain Duplechain's testimony that the customary flow of traffic was 50-55 mph. Mr. Irwin testified that he was able to calculate the speed of other cars on the videos but did not do so.

7. Plaintiffs' evidence that Officer Cabrera reached 70 mph 5 seconds before the collision—collision was imminent—is insufficient; this is, at most, a recognizable but generic risk to the public at large. *Daniels*, 272 Fed. Appx. at 323.

8. At most, Plaintiffs' claims sound in negligence, not constitutional deprivation. *See Coon v. Ledbetter*, 780 F.2d 1158, 1163 (5th Cir. 1986); *Bell v. Hicks*, No. CIV.A. H-12-1979, 2012 WL 3276728, at *2 (S.D. Tex. Aug. 9, 2012); *Ferguson v. Tex.*, No. 3:03-CV-407-G, 2003 WL 22329036, at *2 (N.D. Tex. Oct. 6, 2003); *Jones v. Larmartiniere*, No. CIV.A. 09-359-JVP-DL, 2009 WL 2136176, at *1 (M.D. La. July 14, 2009).

9. Absent underlying constitutional violation, there can be no municipal liability. *Smith v. City of Dallas*, 3:07-CV-1413-O (BH), 2008 WL 11350015, at *11 (N.D. Tex. Nov. 18, 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

III. **Plaintiffs presented no evidence that the actual policymaker promulgated and/or was deliberately indifferent to the unconstitutional policy.**

10. A policymaker must have "the responsibility for making law or setting policy." *Praprotnik*, 485 U.S. at 125. Liability attaches only where the official possesses "final authority to establish municipal policy with respect to the action ordered." *Pembaur*, 475 U.S. at 481. Whether an official has final policymaking authority is a question of local law. *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). The Houston Code of Ordinances vests final policymaking authority for Houston Police Department in the Chief of Police. *Id.*

A. **Plaintiffs amended to expressly plead the wrong policymaker.**

11. Plaintiffs initially pled Chief Troy Finner was the final policymaker

responsible for the alleged policies [Doc. #1 at ¶40]. But Plaintiffs abandoned Chief Finner as the policymaker in the Joint Pretrial Order, alleging instead that it was Captain Duplechain [Doc. #91 at 5].

12.   While Section 34-24 enables the Chief to delegate policymaking authority in times of absence, that delegation authority cannot go lower in the chain of command than Assistant Chief. Even if delegated, such authority confers only operational discretion, not policymaking power. In *Valle*, a captain with full delegated authority was not a policymaker because his decisions were "constrained by policies not of [his] making."

13.   Here:

- Captain Duplechain testified that he is neither Chief, nor Assistant Chief
- He was never delegated any actual policymaking authority
- He researched General Orders and drafted amendments for review, revision and approval up the chain of command

14.   Because Captain Duplechain is not the policymaker, Plaintiff cannot recover in municipal liability. *Valle* 613 F.3d at 543–44.

15.   *Valle* aligns with the Fifth Circuit's unbroken line of authority. *See e.g, Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016); *Bolton v. City of Dallas*, 541 F.3d 545, 550 (5th Cir. 2008); *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984).

> **B. Even if the Court afforded Plaintiffs leave to amend to name Chief Finner as the policymaker, Plaintiffs presented no evidence of deliberate indifference by the official policymaker of the city.**

16. As discussed above, because Houston's policies are facially innocuous, the absence of other instances precludes a finding of deliberate indifference.

### IV. There is no policy or practice of reckless driving that was the moving force.

17. Where an official policy or practice is ***facially unconstitutional***, it necessarily follows that a policymaker was not only aware of the specific policy but was also aware that a constitutional violation would most likely occur. *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (emphasis added) (*citing Piotrowski*, 237 F.3d at 579)). However, if the policy is ***facially constitutional***, then Plaintiff must plead and prove that the policy was promulgated with "deliberate indifference to the known or obvious consequences that constitutional violations must result." *Id.* Deliberate indifference is a stringent standard. *Jason v. Tanner*, 938 F.3d 191, 197 (5th Cir. 2019). Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight. *Alvarez*, 904 F.3d at 391. Establishing deliberate indifference generally requires a pattern of similar violations arising from a policy so clearly inadequate as to be obviously likely to result in a constitutional violation. *Burge*, 336 F.3d at 370.

### A. HPD policy is facially constitutional and requires officers to drive with appropriate regard to safety of all persons.

18. The polices entered into evidence require officers to drive with appropriate regard for the safety of all persons in both emergency and non-

emergency circumstances. A written policy is not facially unconstitutional just because it leaves out detailed guidance that might have averted a constitutional violation. *Edwards v. City of Balch Springs, Tex.*, 70 F.4th 302, 310 (5th Cir. 2023). HPD's written policies are facially innocuous.

### B. Plaintiffs presented no evidence other similar instances and therefore no "widespread custom" nor "deliberate indifference" by the official policymaker for the city.

19. Plaintiffs have not a department proven sufficient similar injury-producing constitutional violations within the context that the City and the Department are among the largest in the nation. *See e.g.*, *Davidson v. City of Stafford*, 848 F.3d 384, 396–97 (5th Cir. 2017) (three arrests over three and a half years insufficient); *Carnaby v. City of Houston*, 636 F.3d 183, 189–90 (5th Cir. 2011) (holding two reports of violations of a policy in four years in Houston insufficient); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851–52 (5th Cir. 2009) (27 complaints of excessive force over three years in department with more than 1,500 insufficient); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002) (holding eleven incidents in one of the Nation's largest cities and police forces insufficient).

20. Viewing the facts in Plaintiffs' favor, Plaintiffs only presented evidence of one other car accident involving two other officers: Curtis and Valdez. Even assuming that this incident too would "shock the conscience", one other instance is insufficient when Mr. Darcy testified:

- HPD has 5,300 officers
- HPD has 1,000 patrol officers
- HPD patrol officers respond to more than 2 million calls for service each year
- The two accidents occurred within 6 months of each other.

21. Plaintiffs' use of AVL data (Pls.' Ex. 26) does not qualify:

- AVL data purely depends on unsubstantiated alleged violations of posted speed limits which are governed by state law not city policy. Exemptions of speed limits for officers is matter of state law. Tex. Transp. Code § 545.365; 546.001. Houston can neither be held liable for state law not obeying state law. *See e.g., Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985) (noting that forcing the city to pay for the enforcement of an unconstitutional state statute would subvert the message of *Monell*).
- AVL data on its own fails to establish injury-causing behavior that "shocks the conscience". The Fifth Circuit disfavors finding an unconstitutional custom or practice based upon "historical records lacking contemporaneous allegations of misconduct." *See Davidson v. City of Stafford*, 848 F.3d 384, 396 & n.6 (5th Cir. 2017), as revised (Mar. 31, 2017); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).
- Any theory of a pattern from AVL data is unsupported by the pleadings or Plaintiffs' allegations in either the Complaint or JPTO.

22. Absent any actual pattern, there can be no moving force. *Chavez*, 550 F. Supp. 3d at 457. Nor can there be deliberate indifference. *Burge*, 336 F.3d at 370.

**C. Plaintiffs' failure to train, supervise, and discipline theories are untenable based on absence of evidence of deliberate indifference.**

23. All failure to act claims, such as failure to train, supervise and discipline, involve the same basic elements: inadequacy, deliberate indifference, and causation. *Snow v. City of El Paso, Tex.*, 501 F. Supp. 2d 826, 833 n.5 (W.D. Tex. 2006); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005) (failure to train); *City of Canton v. Harris*, 489 U.S. 378, 388, 391 (1989) (failure to

train); (*Hunter v. City of Houston*, 564 F. Supp. 3d 517, 529 (S.D. Tex. 2021) (failure to discipline); *Ford v. Caddo Par.*, No. CV 15-0544, 2017 WL 6045465, at *7 (W.D. La. Dec. 6, 2017) (failure to train, supervise and discipline). Each of these claims fail because, as discussed above, because there is no pattern of similar instances, there can be no deliberate indifference.

24. Furthermore, Compliance with state requirements is a factor counseling against a failure to train finding. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010). When officers have received training required by Texas law, the plaintiff must show that the legal minimum of training was inadequate. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010) (citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir.1992).

25. Here:

- Officer Cabrera testified that he exceeded minimum TCOLE training requirements.
- Plaintiffs presented no evidence that TCOLE requirements are inadequate.

## V. Plaintiffs presented no evidence of moving force.

26. As discussed above, there is no unconstitutional policy or custom; a non-existent policy cannot cause an injury. *Chavez v. Alvarado*, 550 F. Supp. 3d 439, 457 (S.D. Tex. 2021).

27. In any event, Mr. Darcy only testified that the policy allowed "officers to speed when they are not justified in driving excessive speeds" ; this is not the

standard for moving force; allowing something is not the same as causing something.

*Mansfield v. Williamson Cnty.*, 30 F.4th 276, 279 (5th Cir. 2022). Furthermore:

- Officer Cabrera testified was unaware of any policy that officers can driver recklessly or that discipline was lax. *James v. Harris Cnty.*, 577 F.3d 612, 618 (5th Cir. 2009) (holding that to establish moving force plaintiffs had to adduce evidence that the individual officer was aware of it)
- Mr. Irwin admitted that if Officer Cabrera had remained at 70 mph, but not swerved, the accident would not have occurred.
- All the witnesses echo state law that a party making a left turn has a duty to yield to oncoming traffic.  Tex. Transp. Code § 545.152
- Mr. Irwin admitted that if Charles Payne had stopped for just 2 seconds the accident would not have occurred.

**Conclusion**

For the reasons stated above, Plaintiffs have failed to meet their burden of proof. Therefore, Houston respectfully requests that this Court grant this motion, and enter final judgment in Houston's favor.

        Respectfully submitted,
        **ARTURO G. MICHEL**
        **City Attorney**

        CHRISTY MARTIN
        Chief, Torts/Civil Rights

Date:  November 16, 2025      By:   */s/ Christy L. Martin*
        ATTORNEY IN CHARGE
        SBN:  24041336
        FBN:  754168
        832.393.6438
        christy.martin@houstontx.gov
        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        832.393.6259 Facsimile

        ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

*/s/Christy L. Martin*
CHRISTY L. MARTIN
