IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HARRIET PAYNE et. al.,** | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO: 4:23-cv-04686 |
| **CITY OF HOUSTON, TEXAS,** | § § § § | |
| *Defendant.* | § § | |

## JURY CHARGE

**MEMBERS OF THE JURY**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

**Jury Instruction 1: Burden of Proof: Preponderance of The Evidence**

Plaintiffs have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any

element of their claim by a preponderance of the evidence, then they may not recover on that claim.

## Jury Instruction 2: Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Jury Instruction 3: Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has

he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

### Jury Instruction 4: Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

officers not to drive at reckless speeds of over 20 mph over posted speed limits both when responding to and when not responding to an emergency. A city is not liable for the actions of its employees unless the constitutional violation was caused by a city policy or custom.

To prevail on their claim against the City of Houston, Plaintiffs must prove by a preponderance of the evidence that:

1. Officer Cabrera while acting under color of law committed an act that violated Mr. Payne's Fourteenth Amendment Constitutional substantive due process right to life and to be free from bodily injury;

2. A City of Houston official policy, practice, custom, or inadequate training or supervision policy or procedure existed;

3. The policymaker for the City of Houston knew or should have known about the policy, custom, or inadequate training or supervision policy or procedure;

4. The policymaker was deliberately indifferent; and

5. the policy, custom, or inadequate training or supervision policy or procedure was the moving force leading to the constitutional violation.

In this case, Officer Cabrera acted under "color of law," and you must accept that fact as proved.

The Fourteenth Amendment forbids any State from depriving a person of "life, liberty, or property, without due process of law." For a constitutional violation to have occurred when Officer Cabrera was driving back to his office, Officer Cabrera must have been driving with deliberate indifference to a citizen's constitutional rights. For Officer Cabrera to have acted with deliberate indifference, Officer Cabrera must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and he must also draw that inference.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City's officers. The failure to provide proper training may fairly be said to represent a policy for which the city is responsible and for which the city may be held liable if it actually causes injury.

A "custom" is a persistent, widespread practice of city officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents city policy. But to show a custom, Plaintiffs must prove that either the city's governing body or some official with policymaking authority knew or should have known about the custom.

For an official or police officer to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists,

### Jury Instruction 5: Law-Enforcement Officer Testimony

You are required to evaluate the testimony of a law-enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

### Jury Instruction 6: No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### Jury Instruction No. 7: Municipal Liability

Plaintiffs are suing the City of Houston as the operator of the Houston Police Department for its policy, practice, custom, failure to train and failure to supervise its officers, all of which violated Mr. Charles Payne Sr.'s Fourteenth Amendment substantive due process right to life and to be free from bodily harm. Specifically, the City of Houston's policy, practice, and custom does not require officers to follow posted speed limits when not responding to an emergency, but rather acquiesces to and permits officers to drive at reckless speeds of over 20 mph over posted speed limits both when responding to and when not responding to an emergency. Additionally, the City of Houston has failed to train its officers to follow posted speed limits when not responding to an emergency, and has failed to train its

Page **5** of **20**

and they must draw the inference. In relation to the failure to train, an official must be deliberately indifferent in adopting its training policy. To establish that the policy, custom, or inadequate training policy or procedure was the "moving force," the policy, custom, or inadequate training or supervision policy or procedure must have a direct causal link to the violation of Mr. Payne's constitutional rights.

### Jury Instruction 8: Aggravation of Pre-Existing Condition

The law provides that a defendant is fully responsible for all injuries and damages that result from its wrongful conduct, even if the injured person was more susceptible to harm than an average person. A defendant takes the victim as the defendant finds him. A defendant cannot avoid liability simply because the plaintiff had a condition that made him more easily injured or more likely to suffer serious harm.

### Jury Instruction 9: Damages

If Plaintiffs have proved their claims against Defendant City of Houston by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about Plaintiffs' damages as an indication in any way that I believe that Plaintiffs should, or should not, win this case. It is your task first to decide whether Defendant City of Houston is liable. I am instructing you on damages only so that you will have

guidance in the event you decide that Defendant City of Houston is liable and that Plaintiffs are entitled to recover money from Defendant City of Houston.

If you find that Defendant is liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole—that is, to compensate Plaintiffs for the damages that they suffered. If Plaintiffs win, they are entitled to compensatory damages for the loss of love and support, pain and suffering, and mental anguish that they have suffered because of Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with

mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

You may award damages for the death of Charles Payne that any of the Plaintiffs sustained including any mental anguish, loss of companionship and society, and pecuniary loss that Plaintiffs have experienced in the past or will experience in the future as a result of the death of their family member Charles Payne. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate Plaintiffs for the damages they suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make must be fair in the light of the evidence.

**JURY QUESTION 1 (Municipal Liability-Policy, Practice, or Custom)**

Do you find that Plaintiffs have proven by a preponderance of the evidence, their claim that the City of Houston was deliberately indifferent for having an unconstitutional policy, practice, or custom that was the moving force in Mr. Payne's death and violation of his constitutional rights?

Answer "Yes" or "No": __Yes__

**JURY QUESTION 2 (Municipal Liability-Failure to Train or Supervise)**

Do you find that Plaintiffs have proven by a preponderance of the evidence their claim that the City of Houston was deliberately indifferent in adopting an ~~DW~~ inadequate training ~~and~~ *or* supervision policy or procedure that was the moving force in Mr. Payne's death and violation of his constitutional rights?

Answer "Yes" or "No": __Yes__

If you answered "Yes" to Question 1 and/or Question 2, then Answer Questions 3 and 4. After answering all four Questions, then move to the end of the Charge and the foreperson will sign the certificate.

If you answer "No" to both Question 1 and Question 2, then do not Answer Questions 3 and 4 and move to the end of the Charge and the foreperson will sign the certificate.

## JURY QUESTION 3 (Damages for Harriet Payne)

What sum of money, if paid now in cash, would fairly and reasonably compensate Harriet Payne for her damages, if any, resulting from the death of Charles Payne Sr.?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

1. Pecuniary loss sustained in the past.

    "Pecuniary loss" means the loss of care, maintenance, support, services, advice, and counsel, excluding loss of inheritance, that Harriet Payne, in reasonable probability, would have received from Charles Payne, Sr. had he lived.

    Answer: $1,000,000

2. Pecuniary loss that, in reasonable probability, will be sustained in the future.

    Answer: $1,000,000

3. Loss of companionship and society sustained in the past.

"Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Harriet Payne, in reasonable probability, would have received from Charles Payne, Sr. had he lived.

Answer: $ 1,000,000

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

Answer: $ 1,000,000

5. Mental anguish sustained in the past.

"Mental anguish" means the emotional pain, torment, and suffering experienced by Harriet Payne because of the death of Charles Payne, Sr.

Answer: $ 1,000,000

6. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer: $ 1,200,000

In determining damages for elements 3, 4, 5, and 6, you may consider the relationship between Harriet Payne and Charles Payne, Sr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

## JURY QUESTION 4 (Damages for Children)

What sum of money, if paid now in cash, would fairly and reasonably compensate the children of Charles Payne Sr. for their damages, if any, resulting from the death of Charles Payne Sr.?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, for each individual Plaintiff, if any.

1. Pecuniary loss sustained in the past.

    Answer:

    Charles Payne, Jr.:     0

    Stephanie Payne:        0

    Cavin Payne:            0

    Betty Morrison:         0

    Kizz Goins:             0

    Katania Dearborne:      0

    Robert Payne:           0

2. Pecuniary loss that, in reasonable probability, will be sustained in the future.

   Answer:

   Charles Payne, Jr.:      0

   Stephanie Payne:         0

   Cavin Payne:             0

   Betty Morrison:          0

   Kizz Goins:              0

   Katania Dearborne:       0

   Robert Payne:            0

3. Loss of companionship and society sustained in the past.

   Answer:

   Charles Payne, Jr.:      $ 250,000

   Stephanie Payne:         $ 250,000

   Cavin Payne:             $ 250,000

   Betty Morrison:          $ 250,000

   Kizz Goins:              $ 250,000

   Katania Dearborne:       $ 250,000

   Robert Payne:            $ 250,000

4. Loss of companionship and society that, in reasonable probability, will be sustained in the future.

Page **15** of **20**

Answer:

| | |
|---|---|
| Charles Payne, Jr.: | $250,000 |
| Stephanie Payne: | $250,000 |
| Cavin Payne: | $250,000 |
| Betty Morrison: | $250,000 |
| Kizz Goins: | $250,000 |
| Katania Dearborne: | $250,000 |
| Robert Payne: | $250,000 |

5. Mental anguish sustained in the past.

Answer:

| | |
|---|---|
| Charles Payne, Jr.: | $250,000 |
| Stephanie Payne: | $250,000 |
| Cavin Payne: | $250,000 |
| Betty Morrison: | $250,000 |
| Kizz Goins: | $250,000 |
| Katania Dearborne: | $250,000 |
| Robert Payne: | $250,000 |

6. Mental anguish that, in reasonable probability, will be sustained in the future.

Answer:

| | |
|---|---|
| Charles Payne, Jr.: | $250,000 |

Stephanie Payne:        $250,000

Cavin Payne:            $250,000

Betty Morrison:         $250,000

Kizz Goins:             $250,000

Katania Dearborne:      $250,000

Robert Payne:           $250,000

In determining damages for elements 3, 4, 5, and 6, you may consider the relationship between each of the children listed above and Charles Payne, Sr., their living arrangements, any extended absences from one another, the harmony of their family relations, and their common interests and activities.

## Duty to Deliberate

It will soon be your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict

form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

## CERTIFICATION OF JURY VERDICT

We the Jury do hereby certify that the foregoing verdict is the unanimous verdict of the Jury.

Dated: 11/24/2025

**Original Signature on File**

Foreperson's Signature

Printed Name of Foreperson