IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HARRIET PAYNE et. al.,** § § § | |
| *Plaintiffs*, § § | |
| v.  § § | CIVIL ACTION NO: 4:23-cv-04686 |
| **CITY OF HOUSTON, TEXAS,** § § | |
| *Defendant.* § § | |

### PLAINTIFFS' MOTION FOR ATTORNEY FEES
_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs HARRIET PAYNE, CHARLES PAYNE, JR., CAVIN PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988(b), respectfully move the Court to award their reasonable attorney fees and related nontaxable expenses incurred in prosecuting their claims under 42 U.S.C. § 1983. In support thereof, Plaintiffs state as follows:

#### I.   INTRODUCTION &BACKGROUND

1.   Plaintiffs sued Defendant under 42 U.S.C. § 1983 for violations of Charles Payne, Sr.'s constitutional rights arising from Defendant's policies, customs, and practices regarding high-speed driving and failure to train/supervise its officers.

2. On November 24, 2025, following a jury trial, the jury found in favor of Plaintiffs and against Defendant City of Houston on Plaintiffs' section 1983 claims, awarding a total of $13,000,000.00. Plaintiffs now seek an award of their reasonable attorney fees and nontaxable expenses as the prevailing party.

## II. ARGUMENT & AUTHORITIES

### A. Plaintiffs are the Prevailing Party.

3. For a party to recover attorney fees, it must be considered the prevailing party. The prevailing party is the party that succeeds on any significant issue in the litigation, and the success provides some benefit that had been sought by the party. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016); *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).

4. To qualify as a prevailing party, Plaintiffs must demonstrate (1) they achieved judicially-sanctioned relief; (2) the relief materially alters the legal relationship between the parties, and (3) the relief modified Defendant's behavior in a way that directly benefits the Plaintiffs at the time the relief is entered. *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013).

5. Here, Plaintiffs are the prevailing party. The jury returned a verdict for Plaintiffs on their section 1983 claims against Defendant and awarded substantial damages, and the Court entered Final Judgment in Plaintiffs' favor. This judgment materially altered the legal relationship between the parties and provided the precise

relief Plaintiffs sought: compensation for the constitutional violations causing Charles Payne, Sr.'s death and recognition of Defendant's unlawful policies and practices. Under United States Supreme Court and Fifth Circuit precedent, Plaintiffs are plainly "prevailing parties."

6. The Fifth Circuit has repeatedly held that prevailing civil-rights plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (quoting *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968)). "[The Fifth Circuit] ha[s] interpreted this to mean that 'absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*.'" *Id.* (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir.1983)). Defendant has identified no such "special circumstances," and none exist here.

**B.    Plaintiffs are Entitled to Attorney Fees Under 42 U.S.C. § 1988(b).**

7. Section 1988 explicitly authorizes an award of reasonable attorney fees to prevailing parties in section 1983 actions: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

8. Courts in this Circuit routinely award substantial fees to prevailing section 1983 plaintiffs, particularly in complex civil-rights cases involving serious

injury or death. *See, e.g., Montano v. Orange Cnty.*, No. 1:13CV611, 2015 WL 11110631, at *6 (E.D. Tex. Apr. 24, 2015) (awarding over $440,000 in section 1988 fees to prevailing detainee-death plaintiffs following a jury trial); *Am. Acad. of Implant Dentistry v. Parker*, No. AU-14-CA-00191-SS, 2018 WL 401818, at *6 (W.D. Tex. Jan. 11, 2018) (awarding over $269,000 in section 1988 fees, expenses, and costs to prevailing section 1983 plaintiffs challenging unconstitutional restrictions on speech); *Garmong v. Montgomery Cnty.*, 668 F. Supp. 1000, 1012 (S.D. Tex. 1987) (awarding over $174,000 in section 1988 fees, expenses, and costs to prevailing section 1983 plaintiff following six day trial challenging defendant's alleged policy of using unlawful force against inmates, which resulted in a $40,000 verdict); *Shepherd v. Dallas Cnty.*, No. 3:05-CV-1442-D, 2009 WL 977294 (N.D. Tex. Apr. 10, 2009) (awarding over $262,000 in section 1988 fees, expenses, and costs to prevailing section 1983 plaintiffs alleging denial of constitutionally adequate medical treatment, not leading to a death).

9. As in *Montano*, *American Academy of Implant Dentistry*, *Garmong*, and *Shepherd*, Plaintiffs here prevailed on core constitutional claims, obtained a material judgment on the merits, and achieved the central relief sought in this litigation. Under section 1988 and controlling Fifth Circuit precedent, Plaintiffs are entitled to recover their reasonable attorney fees as a matter of course.

C.  **The Lodestar Method Governs the Fee Calculation**

10. Federal courts in the Fifth Circuit use the lodestar method to calculate the amount of attorney fees to be awarded. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The lodestar is calculated by multiplying (1) the reasonable number of hours expended on the litigation and (2) the reasonable hourly rates for participating attorneys. *Id.*

11. Plaintiffs submit contemporaneous time-entry and expense records identifying the date, attorney, task description, and time expended for each entry in this matter. Plaintiffs also submit affidavits establishing the reasonableness of counsel's hourly rates in the Southern District of Texas market for complex civil-rights litigation. The affidavits of both firms are attached hereto as **Exhibit A** (the "Ben Crump Affidavit") and **Exhibit B** (the "McCathern Affidavit"). The time-entry and expense records of each firm are attached to their respective affidavits.

12. Plaintiffs' counsel devoted 1,512.8 total hours to prosecuting Plaintiffs' section 1983 claims through trial and post-trial submissions, including:

   a. Case investigation, factual development, and client counseling;

   b. Drafting the complaint;

   c. Extensive discovery, including written discovery and multiple depositions;

   d. Opposing dispositive motions and presenting Plaintiffs' legal theories under section 1983 and *Monell*;

e. Trial preparation, including exhibit and witness preparation, motions in limine, jury-charge work, and pretrial briefing; and

f. Conducting the multi-day jury trial, post-trial briefing, and preparation of this fee motion.

13. Plaintiffs request fees at the following hourly rates:

| Professional | Hourly Rates |
|---|---|
| **Partners** | |
| Carl L. Evans, Jr. | $650.00/hour |
| Paul A. Grinke | $650.00/hour |
| **Associates** | |
| Marvin Agumagu | $250.00/hour |
| Stephen Bergren | $325.00/hour |
| Brooke Cluse | $400.00/hour |
| Sarah E. Courtney | $325.00/hour |
| Aaron Dekle | $400.00/hour |
| Asher K. Miller | $325.00/hour |
| **Paralegals** | |
| Crystal Dabdub | $125.00/hour |
| Adriane Rihn | $150.00/hour |

14. In addition to the above-named attorneys, other McCathern attorneys, including associates Raegan Rush and Jonathan Vivat, assisted occasionally with specific tasks requiring support or additional coverage. Ms. Rush and Mr. Vivat charged the standard associate rate of $325.00 per hour. Partners James Sherry and Jen Falk also assisted with certain trial and appellate-related matters and charged the standard partner rate of $650.00 per hour.

15. Each requested rate is in line with or below prevailing market rates in this District for attorneys and paralegals with comparable skill, experience, and

reputation handling complex section 1983 litigation. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); Ex. A (Ben Crump Affidavit); Ex. B (McCathern Affidavit).

16. Multiplying the reasonable hours by reasonable rates yields a lodestar of $469,430.00 for the Ben Crump firm, *see* Ex. A, and $172,490.00 for the McCathern firm, *see* Ex. B, for a total of $641,920.00. Plaintiffs further request nontaxable expenses in the amount of $157,599.84 for the Ben Crump Firm, *see* Ex. A, and $7,657.11 for the McCathern firm, *see* Ex. B, for a total of $165,256.95. Plaintiffs will seek taxable costs via a separate Bill of Costs under Federal Rule of Civil Procedure 54(d)(1).

**D.   The *Johnson* Factors Confirm the Reasonableness of the Lodestar**

17. Once the lodestar is determined, the Court may adjust it up or down in light of the twelve Johnson factors. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Those factors are: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill required; (4) preclusion of other employment; (5) customary fee; (6) fixed or contingent fee; (7) time limitations; (8) amount involved and results obtained; (9) experience, reputation, and ability; (10) undesirability of the case; (11) nature and length of the professional relationship; and (12) awards in similar cases. *Id.* Here, the *Johnson* factors strongly support the lodestar and do not justify any reduction.

18. **Time and labor; complexity; skill (Factors 1–3):** This was a complex civil-rights wrongful-death case involving section 1983 municipal liability, complicated medical and accident-reconstruction evidence, and extensive pretrial motion practice, including issues regarding *Monell* pattern-and-practice proof, high-speed pursuit standards, and the "eggshell plaintiff" issues in a section 1983 context. Success required substantial factual development and sophisticated legal work.

19. **Preclusion of other employment; contingent nature (Factors 4 & 6):** Counsel dedicated a significant percentage of their practice to this case over multiple years, often to the exclusion of other matters, and proceeded under a contingent fee arrangement, assuming the risk of non-payment. *See Montano*, 2015 WL 11110631, at *6 ("The contingency fee agreement weighs against a downward adjustment.").

20. **Customary fee (Factor 5):** As in *Montano* and *American Academy of Implant Dentistry*, the requested rates are consistent with or below rates routinely approved in this Circuit for experienced civil-rights litigators.

21. **Results obtained (Factor 8):** The most critical factor is the degree of success achieved. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Plaintiffs obtained a substantial jury verdict and judgment on their core section 1983 claims, materially vindicating Charles Payne, Sr.'s constitutional rights and achieving the central objectives of the litigation.

22. **Experience, reputation, ability; undesirability (Factors 9 & 10):** Plaintiffs' counsel are experienced civil-rights trial lawyers who undertook a demanding, resource-intensive wrongful-death case against a major municipal defendant. Such cases often involve significant risk, cost, and complexity, making them "undesirable" for many firms.

23. **Awards in similar cases (Factor 12):** The requested fee is in line with awards in similar section 1983 cases involving death or serious injury. *See, e.g.*, *Montano*, 2015 WL 11110631, at *6 (approving full requested lodestar); *Am. Acad. of Implant Dentistry*, 2018 WL 401818, at *6 (same).

24. In short, the lodestar is presumptively reasonable and the *Johnson* factors confirm that no downward adjustment is warranted. *See Montano*, 2015 WL 11110631, at 5–6 (declining to reduce lodestar in complex section 1983 case); *Am. Acad. of Implant Dentistry*, 2018 WL 401818, at *6 (same).

E. **Plaintiffs Exercised Billing Judgment in Determining the Recoverable Hours**

25. In accordance with Supreme Court and Fifth Circuit authority, Plaintiffs have exercised rigorous billing judgment before submitting the requested fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) ("[P]laintiffs seeking attorney's fees

are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment.").

### i. The Excel Spreadsheets Contain All Time Entries After the Exercise of Billing Judgment.

26. The time-entry spreadsheets attached to the affidavits reflects the complete set of attorney and paralegal time recorded over the life of this litigation after the exercise of billing judgment and removal of non-recoverable hours. This includes time from multiple attorneys and staff who transitioned off the case because of normal firm turnover, an anticipated dynamic in a long-running matter of this complexity.

### ii. Across Both Firms, Approximately 20–30% of Potential Hours Were Either Not Recorded or Were Removed in the Exercise of Billing Judgment.

27. Before any reductions, the McCathern firm's total time recorded equaled 519.4 hours for a total of $204,790.00 in attorney fees. Plaintiffs cut 82.3 hours, totaling $32,300, leaving 437.1 hours ($172,490) in the fee request, a reduction of more than 15% of all time recorded.

28. When considering both firms' submissions as a whole, Plaintiffs estimate that approximately 20–30% of all potentially billable hours were never submitted for compensation. This includes time affirmatively cut by the McCathern firm and time that the Ben Crump firm never entered or recorded because it was

attributable to non-recoverable claims, administrative tasks, or matters unrelated to section 1983.

29. This level of voluntary reduction is well within, and in fact exceeds, the range routinely found sufficient to establish billing judgment in the Fifth Circuit, where reductions between 5% and 15% have repeatedly been held adequate. *See Whatley v. Creditwatch Servs., Ltd.*, No. 4:11-CV-493, 2014 WL 1287131, at *4 (E.D. Tex. Mar. 31, 2014) ("The court finds that a 10% deduction is warranted . . . ."); Champion v. ADT Sec. Services, Inc., No. 2:08-CV-417-TJW, 2010 WL 4736908, at *6 (E.D. Tex. Nov. 16, 2010) (reducing the overall fee award by five percent). The reductions taken here, individually and collectively, exceed those benchmarks and reflect conservative billing judgment given the substantial overlap between TTCA and section 1983 issues and the unique procedural posture of this case.

### iii. Categories of Time Removed Through Billing Judgment

30. The reductions were not arbitrary. Plaintiffs cut specific categories of time that are unrecoverable or unnecessary under section 1988, including:

  a. Time devoted exclusively to the TTCA issues, which are currently on appeal and were not part of the jury trial.

  b. State-court work unrelated to the federal *Monell* claims, except for deposition preparation and transcripts used by both parties at the federal

trial (Defendant itself relied on portions of these depositions and refused a second deposition of Officer Cabrera).

c. Administrative or clerical tasks, including scheduling, filing tasks, and internal communications that do not require legal skill.

d. Duplicative work caused by turnover, including entries where outgoing and incoming attorneys necessarily overlapped during transition periods.

e. Overmanned tasks, where more attorneys or paralegals attended meetings, calls, or events than were reasonably necessary.

f. Non-substantive review time, such as repetitive review of the same documents or emails that was not essential to advancing the section 1983 claims.

31. These reductions ensure that the fee request includes only those hours "reasonably expended" on Plaintiffs' successful section 1983 claims. *Hensley*, 461 U.S. at 434.

### iv. The Turnover of Attorneys and Paralegals Does Not Reflect Excessive Staffing and Was Already Accounted For in the Fee Reductions

32. As explained in the McCathern Affidavit, several attorneys and paralegals who worked on this matter left McCathern during the litigation, necessitating reassignment of their responsibilities to new personnel. This dynamic was unavoidable given the length of the case.

33. To avoid shifting unnecessary transition costs to Defendant, Plaintiffs removed overlapping review time, eliminated duplicative internal transition entries, and retained only the time necessary for new personnel to competently assume responsibility for section 1983 work.

34. Despite multiple transitions, the primary attorneys eventually centralized, and those attorneys carried the case through trial preparation and trial. Plaintiffs' billing judgment has preemptively eliminated unnecessary time associated with personnel changes.

v. **The Resulting Hours Reflect Only Time Necessary to Prosecute the Section 1983 Claims**

35. After reductions, the fee request represents the hours actually needed to investigate, prosecute, and try this complex *Monell* case, including extensive expert preparation, multiple categories of documentary and electronic evidence (e.g., AVL/GPS data), numerous pretrial briefing issues, trial preparation, significant written motion practice, and post-trial briefing.

36. Thus, the hours requested represent the work reasonably necessary to prosecute Plaintiffs' section 1983 claims and comply with the demands of a fact-intensive *Monell* case.

F. **Nontaxable Expenses**

37. Section 1988 allows recovery of reasonable out-of-pocket litigation expenses that would normally be charged to a fee-paying client, including travel and

necessary research expenses. *See Am. Acad. of Implant Dentistry*, 2018 WL 401818, at *5.

38.     Plaintiffs request reimbursement of $165,256.95 in such nontaxable expenses, as detailed in the expense records attached to the affidavits. These expenses were reasonable, necessary, and directly related to prosecuting Plaintiffs' section 1983 claims.

### III.     CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court:

a. Find that Plaintiffs are the prevailing party under Rule 54(d)(2) and 42 U.S.C. § 1988(b);

b. Award Plaintiffs their reasonable attorney fees in the amount of $641,920.00

c. Award Plaintiffs their reasonable nontaxable expenses in the amount of $165,256.95;

d. Award Plaintiffs their taxable costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920; and

e. Grant such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
Paul A. Grinke
Lead Attorney
Attorney to be Noticed
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
Attorney to be Noticed
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494
Facsimile: (800) 770-3444

Brooke Cluse
State Bar No. 24123034
brooke@bencrump.com
2620 W. Sam Houston Pkwy., Suite 200
Houston, Texas 77042
Telephone: (337) 501-8356

**MCCATHERN, PLLC**

Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Sarah E. Courtney
State Bar No. 24142805
scourtney@mccathernlaw.com
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Paul A. Grinke*
Paul A. Grinke
