IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIET PAYNE et al., | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:23-cv-04686 |
| | § | |
| CITY OF HOUSTON, TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFFS' MOTION FOR RULE 54(b) CERTIFICATION AND ENTRY OF FINAL JUDGMENT, OR, ALTERNATIVELY, TO SEVER, AND FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR ATTORNEY FEES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs HARRIET PAYNE, CHARLES PAYNE, JR., CAVIN PAYNE, BETTY MORRISON, KIZZ GOINS, STEPHANIE PAYNE, KATANIA DEARBORNE, and ROBERT PAYNE ("Plaintiffs") respectfully move for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to Plaintiffs' *Monell* claims or, alternatively, severance of the *Monell* claims into a separate action pursuant to Federal Rule of Civil Procedure 21. If the Court grants either motion and enters final judgment as to the *Monell* claims, Plaintiffs further move for reconsideration of Plaintiffs' Motion for Attorney Fees and request entry of an order thereon. In support thereof, Plaintiffs respectfully show the Court as follows.

# I.    INTRODUCTION

1.    Plaintiffs' federal claims under 42 U.S.C. § 1983 were separately tried to a jury after both this Court and the Fifth Circuit declined to stay the *Monell* proceedings pending the interlocutory appeal concerning Plaintiffs' separate claims under the Texas Tort Claims Act ("TTCA"). *See* Order, ECF No. 90; Unpublished Order, *Harriet Payne et al. v. City of Houston, Texas*, No. 25-20492 (5th Cir. 2025 Nov. 7, 2025), ECF No. 17-1.

2.    The *Monell* claims have now been fully adjudicated. The jury returned a verdict in Plaintiffs' favor. *See* Jury Charge, ECF No. 130. Defendant's renewed motion for judgment as a matter of law and motion for new trial were both denied. *See* Order, ECF No.  144. Plaintiffs submitted their motion for attorney fees incurred in prosecuting their *Monell* claims. *See* Pls.' Mot. Att'y Fees, ECF No. 135. And Defendant has filed a notice of appeal, appealing "the trial court's November 24, 2025, final judgment [Doc. #130]," "all Houston's pre-trial and post-trial dispositive motions," and "all subsidiary interlocutory orders that have not yet been appealed." *See* Def.'s Notice of Appeal, ECF No. 145.

3.    Although Defendant has appealed the *Monell* rulings as though a final judgment exists, the Court has entered only a jury verdict and post-trial rulings as to the *Monell* claims. Because Plaintiffs' TTCA claims remain pending on interlocutory appeal and no final judgment has been entered resolving all claims as to all parties,

or certifying the *Monell* claims under Rule 54(b), the Fifth Circuit lacks appellate jurisdiction. *See, e.g.*, *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999) ("Our court is one of limited jurisdiction. We have authority to hear appeals only from 'final decisions' under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under [Rule 54(b)], or some other nonfinal order or judgment to which an exception applies . . . ." (footnote omitted)); *Crostley v. Lamar County*, 717 F.3d 410, 420 (5th Cir. 2013) ("No ruling can be appealed until a certification is obtained under Rule 54(b) or until all the remaining issues in the case have been decided." (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2656 (3d ed. 1998))).

4.     Here, certification under Rule 54(b) is appropriate because the *Monell* claims are fully adjudicated, the *Monell* claims are legally and procedurally distinct from the TTCA claims, a separate trial occurred, immediate appellate review will not result in duplicative proceedings, and there is no just reason for delay. Alternatively, the Court should sever the *Monell* claims into a separate action pursuant to Rule 21 and enter final judgment there.

5.     Further, this Court previously denied Plaintiffs' Motion for Attorney Fees because no final judgment existed while the TTCA claims remained pending. *See* Order, ECF No. 164. If the Court grants Rule 54(b) certification or alternatively

severs the *Monell* claims and enters final judgment, the Court should reconsider and rule on Plaintiffs' Motion for Attorney Fees.

## II.    BACKGROUND

6.    Plaintiffs asserted claims against Defendant under 42 U.S.C. § 1983, as well as state-law claims under the TTCA. *See* Pls.' Orig. Compl., ECF No. 1.

7.    On September 26, 2025, Defendant moved for summary judgment pursuant to Rule 56 on all of Plaintiffs' claims, including on the TTCA claims based on governmental immunity. *See* Def.'s Rule 56 Mot. Summ. J., ECF No. 64.

8.    On October 28, 2025, the Court denied Defendant's motion for summary judgment in its entirety. *See* Order, ECF No. 84. Defendant then pursued an interlocutory appeal concerning the trial court's denial of its governmental immunity. *See* Def.'s Notice of Appeal, ECF No. 86. Defendant subsequently moved to stay trial proceedings pending resolution of the TTCA appeal. *See* Def.'s Mot. Stay Trial, ECF No. 87.

9.    This Court denied Defendant's motion to stay and ordered that the parties would proceed to trial on Plaintiffs' *Monell* claims. *See* Order, ECF No. 90 (noting "the Court intends to proceed to trial on Plaintiffs' Federal *Monell* liability claim"). Defendant then sought a stay from the Fifth Circuit pending resolution of the TTCA appeal. *See* Def.'s Mot. Stay Trial, *Harriet Payne et al. v. City of Houston, Texas*, No. 25-20492 (5th Cir. 2025 Nov. 7, 2025), ECF No. 4.

10.     The Fifth Circuit denied the requested stay and held that the TTCA and *Monell* claims involved distinct causation standards. *See* Unpublished Order, *Harriet Payne et al. v. City of Houston, Texas*, No. 25-20492 (5th Cir. 2025 Nov. 7, 2025), ECF No. 17-1 ("The City has not established that it is entitled to a stay . . . .").

11.     Following denial of the requested stay, Plaintiffs' *Monell* claims proceeded through a separate jury trial. The jury returned a verdict in Plaintiffs' favor on the *Monell* claims. *See* Jury Charge, ECF No. 130. Plaintiffs then filed their motion for attorney fees for prosecuting their *Monell* claims. *See* Pls.' Mot. Att'y Fees, ECF No. 135. And Defendant later filed post-trial motions, including a renewed motion for judgment as a matter of law and motion for new trial, both of which were denied. *See* Def.'s Renewed Mot. JMOL, ECF No. 136; Def.'s Mot. New Trial, ECF No. 137; Order, ECF No. 144.

12.     On January 27, 2026, Defendant filed a notice of appeal, which included appeal of the jury verdict, all of Defendant's pre-trial and post-trial dispositive motions, and all subsidiary interlocutory orders that have not yet been appealed. *See* Def.'s Notice of Appeal, ECF No. 145.

13.     On March 19, 2026, the Court issued an order denying Plaintiffs' motion for attorney fees, noting that no final judgment had been entered. *See* Order, ECF No. 164. Accordingly, the Court denied the motion without prejudice subject to

refiling. *See id.* The Court further administratively closed the case pending adjudication of Plaintiffs' remaining TTCA claims on appeal. *See id.*

14. After the briefing schedule was set by the 5th Circuit in the *Monell* related appeal, Plaintiffs conferred with Defendant concerning the jurisdictional issue presently affecting the *Monell* appeal. Although Defendant opposed dismissal of the appeal for lack of jurisdiction and further opposed any motion to sever, Defendant represented that it would not oppose a Rule 54(b) motion in this Court.

### III.   LEGAL STANDARD

**A.    Rule 54(b)**

15. Federal Rule of Civil Procedure 54(b) provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Ackerman v. F.D.I.C.*, 973 F.2d 1221, 1224–25 (5th Cir. 1992) ("Rule 54(b) allows a district court, after careful consideration, to certify as a final, appealable judgment a disposition of less than all the claims . . . in a complex litigation.").

16. "A district court decision to certify its judgment on some portion of a multiple claim as an appealable final judgment under Rule 54(b) is a discretionary act, which is not subject to second-guessing by [the Fifth Circuit]." *H & W Indus.,*

*Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) ("It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956))).

17.    The Supreme Court has explained that Rule 54(b) requires two determinations: (1) whether the ruling constitutes a final judgment and (2) whether there is any just reason for delay. *See Curtiss-Wright Corp.*, 446 U.S. at 7–8.

18.    Under the first requirement, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436). In determining whether there is "any just reason for delay," courts consider judicial administrative interests, the equities involved, whether the adjudicated claims are separable from the remaining claims, and whether an appellate court would be required to decide the same issues more than once. *Id.* at 8.

19.    The Fifth Circuit has recognized that Rule 54(b) certification is appropriate where claims have been fully adjudicated and are separable from remaining claims. *See H & W Indus., Inc.*, 860 F.2d at 175; *Fed. Sav. & Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 559 (5th Cir. 1990) ("[T]he relationship between one

claim . . . and others in the same action may be so attenuated as to encourage Rule 54(b) certification.").

20.     Further, the district court retains jurisdiction to enter Rule 54(b) certification even after a notice of appeal has been filed. *See Gabarick v. Laurin Mar. (Am.), Inc.*, 650 F.3d 545, 551 (5th Cir. 2011) ("Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over those aspects of the case involved in the appeal, the district court retains jurisdiction to enter a Rule 54(b) certification." (footnote omitted)).

**B.     Severance**

21.     Federal Rule of Civil Procedure 21 authorizes courts to sever claims into separate actions. *See* FED. R. CIV. P. 21 ("The court may . . . sever any claim against a party.").

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

22.     Courts have broad discretion to sever claims where severance would promote judicial economy, avoid prejudice, or facilitate efficient resolution of discrete claims. *See Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022).

## IV.　　ARGUMENT & AUTHORITIES

**A.　　The Court Should Certify the *Monell* Claims for Entry of Final Judgment Pursuant to Rule 54(b).**

23.　　The Supreme Court has explained that Rule 54(b) finality exists where there is "a decision upon a cognizable claim for relief" and the decision constitutes "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436).

24.　　Here, the *Monell* claims satisfy Rule 54(b)'s finality requirement because they have been completely adjudicated. The claims proceeded through discovery, dispositive motions, a separate jury trial, a jury verdict, post-trial motions, and appeal. Nothing remains pending before this Court regarding the merits of Plaintiffs' *Monell* claims. The *Monell* claims therefore constitute a final judgment for Rule 54(b) purposes.

25.　　There is likewise no just reason to delay entry of final judgment on the *Monell* claims. First, the *Monell* claims are distinct from the TTCA claims. Both this Court and the Fifth Circuit have already recognized the distinct nature of the *Monell* claims. *See* Order, ECF No. 90; Unpublished Order, *Harriet Payne et al. v. City of Houston, Texas*, No. 25-20492 (5th Cir. 2025 Nov. 7, 2025), ECF No. 17-1.

26.     This Court denied Defendant's motion to stay and ordered the parties to proceed to trial on the *Monell* claims notwithstanding the pending TTCA immunity appeal. *See* Order, ECF No. 90. Similarly, the Fifth Circuit denied Defendant's motion to stay, holding that the TTCA causation standards differ from *Monell* causation standards, and that the *Monell* claims could proceed independently. *See* Unpublished Order, *Harriet Payne et al. v. City of Houston, Texas*, No. 25-20492 (5th Cir. 2025 Nov. 7, 2025), ECF No. 17-1 ("These causation requirements are distinct.").

27.     The Fifth Circuit's conclusion supports Rule 54(b) certification because it demonstrates that the *Monell* claims are legally separable from the TTCA claims. Courts routinely grant Rule 54(b) certification where adjudicated claims are legally distinct from unresolved claims. *See H & W Indus., Inc.*, 860 F.2d at 175 ("[W]hen the facts give rise to more than one legal right or cause of action, and the two grounds of recovery are not mutually exclusive, there are multiple claims which can be separately appealed upon certification under Rule 54(b).").

28.     Additionally, the procedural history of this case supports certification. This case has already effectively been bifurcated, as separate trials have occurred. The *Monell* claims proceeded through a separate jury trial while the TTCA immunity appeal remained pending. Rule 54(b) certification is thus appropriate as the *Monell* claims have been completely disposed. *See Eldredge v. Martin Marietta Corp.*, 207

F.3d 737, 740 (5th Cir. 2000) ("To enter a Rule 54(b) final judgment, the district court must have disposed of "one or more . . . claims . . . ." (quoting FED. R. CIV. P. 54(b))).

29. Further, certification would not require the Fifth Circuit to repeatedly consider the same issues. The *Monell* issues concern constitutional violations, municipal customs and policies, and *Monell* liability standards. In contrast, the TTCA issues concern TTCA statutory standards and Texas-law on proximate cause.

30. Moreover, the Fifth Circuit already has before it the attempted *Monell* appeal. Rule 54(b) certification would merely provide the jurisdictional basis necessary for the appeal to proceed. *See Briargrove Shopping Ctr.*, 170 F.3d at 540 n.5 ("Until [the district court] makes a proper Rule 54(b) determination, we cannot have jurisdiction over the . . . claims presented to us.").

31. Absent Rule 54(b) certification, the pending *Monell* appeal risks dismissal for lack of appellate jurisdiction despite a completed jury trial, a jury verdict, and fully adjudicated federal constitutional claims. That outcome would create unnecessary delay and inefficiency. *See Curtiss-Wright Corp.*, 446 U.S. at 8 ("[T]he District Judge saw no sound reason to delay appellate resolution of the undisputed claims already adjudicated.").

32. The Fifth Circuit has recognized that Rule 54(b) certification is appropriate where delaying appeal would create hardship or prejudice. *See Eldredge*,

207 F.3d at 740 ("[Rule 54(b)] reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'" (quoting *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996))).

33.    Here, delaying certification could force the parties and courts to revisit issues years later after completion of the TTCA appeal despite the *Monell* claims already being fully litigated and ready for appeal. Certification under Rule 54(b) avoids this inefficiency. *See id.*

34.    Accordingly, the Court should determine that there is no just reason for delay and direct entry of final judgment on the *Monell* claims pursuant to Rule 54(b).

**B.    Alternatively, the Court Should Sever the *Monell* Claims Into a Separate Action.**

35.    In the alternative to Rule 54(b), the Court should sever the *Monell* claims into a separate action pursuant to Rule 21. Severance is appropriate here because the *Monell* claims were separately tried and are fully adjudicated, the TTCA claims remain pending on a separate interlocutory immunity appeal, and the claims involve distinct legal standards and issues. Courts routinely sever claims under similar circumstances to facilitate final judgment and appellate review. *See O'Neil*, 709 F.2d at 369 ("This Circuit and others have recognized severance-created finality.").

36.    Here, severance would permit assignment of a separate cause number, entry of final judgment on the *Monell* claims, and orderly appellate review while the TTCA appeal and claims remains pending. Accordingly, if the Court declines Rule 54(b) certification, Plaintiffs respectfully request that the Court sever the *Monell* claims into a separate action and enter final judgment in the severed action.

**C.    If the Court Grants Rule 54(b) Certification or Severance, the Court Should Reconsider Plaintiffs' Motion for Attorney Fees.**

37.    This Court previously denied Plaintiffs' motion for attorney fees without prejudice because no final judgment had been entered while the TTCA claims remained pending. Specifically, the Court concluded that the *Monell* claims had proceeded through a separate Rule 42(b) trial, TTCA claims remained pending on appeal, and therefore attorney fees were premature absent final judgment. *See* Order, ECF No. 164.

38.    If the Court grants Rule 54(b) certification or alternatively severs the *Monell* claims and enters final judgment in the severed action, the Court can rule on Plaintiffs' motion for attorney fees pursuant to Rule 54(d)(2)(B), which provides for fee motions following entry of judgment. *See* FED. R. CIV. P. 54(d)(2)(B). Once final judgment exists on the *Monell* claims, the Court should reconsider Plaintiffs' motion.

39.    Accordingly, Plaintiffs respectfully request reconsideration of Plaintiffs' motion for attorney fees and entry of an order thereon.

## V.   CONCLUSION & PRAYER

For these reasons, Plaintiffs respectfully request that the Court grant this Motion; expressly determine pursuant to Rule 54(b) that there is no just reason for delay; direct entry of final judgment on Plaintiffs' *Monell* claims, or alternatively sever Plaintiffs' *Monell* claims into a separate action pursuant to Rule 21 and enter final judgment in the severed action; upon entry of final judgment through either Rule 54(b) certification or severance, reconsider Plaintiffs' motion for attorney fees and enter an order thereon; and grant Plaintiffs all further relief to which they may be justly entitled.

Respectfully submitted,

*/s/ Carl L. Evans, Jr.*

**BEN CRUMP LAW, PLLC**
Paul A. Grinke
Lead Attorney
Attorney to be Noticed
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
Attorney to be Noticed
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494
Facsimile: (800) 770-3444

Brooke Cluse
State Bar No. 24123034

brooke@bencrump.com
2620 W. Sam Houston Pkwy., Suite 200
Houston, Texas 77042
Telephone: (337) 501-8356

**MCCATHERN, PLLC**
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Sarah E. Courtney
State Bar No. 24142805
scourtney@mccathernlaw.com
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ *Carl L. Evans, Jr.*
Carl L. Evans, Jr.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the parties conferred regarding the relief requested in this Motion on April 30, 2026, May 1, 2026, and May 19, 2026. Defendant opposed the motion to sever and entry of judgment on the *Monell* claims, but represented that it would not oppose Plaintiffs seeking Rule 54(b) certification in this Court.

/s/ *Sarah E. Courtney*
Sarah E. Courtney